UNITED STATES DISTRICT COURT

FOR THE

Southern District of Illinois          22-286-DWD

| | | | |
|---|---|---|---|
| Valdez-Lamont: Jordan<br>        Applicant | ) | Prisoner No. | B29482 |
| | ) | | |
| v. | ) | Case No. | 16-cv-1297-DRH-CJP |
| | ) | | |
| Deanna Brookhart, Et al.<br>        Respondent | ) | Place of Confinement. | LAWRENCE CORRECTIONAL CENTER |

To:  Clerk of Court,

Please find attached to this letter the following documents:

1. A Application for Writ of Habeas Corpus by Affidavit--totaling 48 pages;

2. A Petition-Writ/Authority--totaling 4 pages;

3. A Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody--totaling 18 pages;

4. The Exhibits for the Application for Writ of Habeas Corpus by Affidavit--totaling 415,  Exhibits #1 through 72;

5. A Summons In A Civil Action--totaling 2 pages;

6. An Affidavit from Valdez-Lamont: Jordan--totaling 2 page;

7. Proof of Service--totaling 1 page.


Please file the above mentioned documents, and docket this cause for a hearing, and
notify all proper parties.

Dated: February 18, 2022

Respectfully Submitted,

By: _Valdez-Lamont: Jordan_

Respond. to:
Valdez-Lamont: Jordan
c/o
    B29482 LAWRENCE CORRECTIONAL CENTER
    10930 Lawrence Road
    Sumner, Illinois

Application for Writ
of Habeas Corpus by
Affidavit.

UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

| | | |
|---|---|---|
| Valdez-Lamont: Jordan | ) Prisoner NO: | B29482 |
| Applicant | ) | |
| | ) | |
| v. | ) Case NO: | 16-cv-1297-DRH-CJP |
| | ) | |
| Deanna Brookhart, Et al. | ) Place of Confinement: | LAWRENCE CORRECTIONAL CENTER |
| Respondent | | |

Respond To:
Valdez-Lamont: Jordan
c/o
    B29482 LAWRENCE CORRECTIONAL CENTER
    10930 Lawrence Road
    Sumner, Illinois

Valdez-Lamont: Jordan, Applicant, vs. Deanna Brookhart, Et al., Respondent, Cause No.
99-CF-2226 APPLICATION FOR WRIT OF HABEAS CORPUS to the United States District Court for
the Southern District of Illinois by Affidavit,

The State of Illinois )
                       ) ss
Lawrence County        )

Comes now the Applicant, Valdez-Lamont: Jordan retaining and asserting all inherent
rights, affirms (without the venue of the UNITED STATES) that the following is true,
correct, complete, and not misleading. The Applicant shall at all times be a proper
party to this action.

Know all Parties by these presents, the Applicant brings this Application for Writ of
Habeas Corpus to the United States District Court for the Southern District of Illinois
and request that this Court reopen the above entitle cause for writ of habeas corpus
filed as case number 16-cv-1297-DRH-CJP in the Interest of Justice based on new and
recently developed facts pertaining to the Third Judicial Circuit court's actions on
May 22, 2017 that makes the SDIL's Decision rendered on May 23, 2017 void. In support
the Applicant states:

1. Jurisdiction is conferred on this court by 28 U.S.C.A. §§ 1331, 2241, 2243, 2254,
   and the Habeas Corpus Suspension Clause of the U.S. Constitution.

2. Venue properly lies within United States District Court for the Southern District of
   Illinois because a substantial part of the events or omissions giving rise to this
   action occurred in the District. 28 U.S.C.A. § 1391(b).

Application for Habeas Corpus---Page 1 of 48

I.     DEFINITIONS OF TERMS AS USED IN THIS APPLICATION

The following definitions apply to the APPLICATION contained herein.

The word "Application" means Application for a Writ of Habeas Corpus by Affidavit filed in the United States District Court for the Southern District of Illinois by Applicant.

The words "Federal Court" means United States District Court for the Southern District of Illinois and any proceedings held therein as applied to the application styled as Valdez-Lamont: Jordan, Applicant vs. Deanna Brookhart, Et al., Respondent and Application for a Writ of habeas Corpus.

The word "IAG" means Illinois Attorney General.

The word "ARDC" means Attorney Registration and Disciplinary Commission for the Illinois Supreme Court.

The word "Applicant" means Valdez-Lamont:  Jordan.

The word "Defendants" means Rand S. Hale, David A. Hylla, Richard L. Tognarelli, and Neil T. Schroeder, Defendants' counsel, agents, assigns, successors, employees, principals, members, associates, and predecessors in Cause No. 19-L-1300 filed in the Third Judicial Circuit court by the Applicant as a Complaint at Law.

The words "State court" means Third Judicial Circuit court, in Madison County, Illinois.

The words "Post-Conviction Petition" means the procedure filed in the Third Judicial Circuit court by the Applicant pursuant to ILLINOIS POSTCONVICTION HEARING ACT 725 ILCS 5/122, styled as VALDEZ JORDAN, Petitioner vs. PEOPLE OF THE STATE OF ILLINOIS, Respondent, Cause No. 99-CF-2226.

The term "liberty" means Freedom, exemption from extraneous control, the power of the will to follow the dictates of its unrestricted choice, and to direct the external acts of the individual, without restrain, coercion, or control from other parties. The term "Liberty" includes and comprehends all personal rights and there enjoyments. The term "Liberty" includes but is not limited to, freedom/right from duress, freedom/right from governmental inteference in exercise of intellect, in information of opinions, in the expression of them, and action or inaction dictated by judgment, the freedom/right from servitude, freedom/right from imprisonment or restraint without lawful Constitutional due process of law, the freedom/right in the use of all of one's powers, faculties and property, freedom/right of contract, the freedom/right to travel, the freedom/right of religion, the freedom/right of speech, the freedom/right of self defense against unlawful violence, the freedom/right to acquire and enjoy property, the freedom/right to earn a livelihood in any lawful calling, the freedom/right to enjoy to the fullest extent the privileges and immunities given or assured by the law to the people living within the union of the united States of America, the freedom/right to petition the Federal Court for a writ of habeas corpus without unlawful interference by the Third Judicial Circuit court, the freedom/right to have the Federal Court grant a petition for a writ of habeas corpus, etc...

Application for Habeas Corpus---Page 2 of 48

The term "Inhabitant" = one of the natural born sovereign people, possessing and entitled to the enjoyment of all the rights, privileges and immunities enumerated in the United States Constitution, which can be enjoyed by any one of the sovereign people, protected by the Constitution and Laws of the United States for the united States of America.

The term "PERSON" = includes, an individual and an entity.

The term "ENTITY" = includes, a corporation and foreign corporation, profit and not-for-profit unincorporated associations, business trust, estate, trust, partnership, and two or more persons having a joint or common interest, and the State, United States, and a foreign government.

The term "Whoever" = includes all persons, natural and artificial; partners, agents, and employees; and all officials, public or private.

The term "STATE OF ILLINOIS" means the corporate State within the legislative juris-diction of the STATE OF ILLINOIS subject to the legal impediment of the bankruptcy of the UNITED STATES declared in March, 1933.

The term "STATE CITIZEN" = includes, a corporation or any other artifial entity created under the laws of one State and a non resident of every other State.

The term "STATE RESIDENT" = includes, any State citizen.

The term "INDIVIDUAL" = As a noun, this term denotes a single person as distinguished from a group or class, as also, very commonly, a private or natural person as distin-guished from partnership, corporation, or association; but it is said that this re-strictive signification is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons.

The term "NATURAL PERSON" = A person is such, not because he is human, but because rights and duties are ascribed to him. The person is the legal subject or substance of which legal rights and duties are attributes. An individual human being considered as having such attributes is what lawyers call a natural person. All public officials who are under oath or affirmation to uphold the Constitution and Laws of the United States for the united States of America are natural persons.

The term "AGENCY" = The relation created by express or implied contract or by law, whereby one party delegates the transmission of some lawful business with more or less discretionary power to another, who undertakes to manage the affairs and render an account to the party that delegated the authority.

The term "STATE AGENCY" = all units of State government established under the con-stitutional or legislative authority of the State, including any branch, department, or unit of the State government, organization, corporation, partnership or association, however designated or constituted.

The term "Republic of Illinois" means those dwelling in the organic Illinois Republic (without the legislative jurisdiction of STATE OF ILLINOIS) who possess unalienable rights from Nature's law and Nature's God, which rights are not subject to involuntary liens or diminished by any legal impediment.

The term "prejudice" means Applicant's loss of legal rights, privileges and immunities.

The term "infamous crime" means a crime punishable by death in a State or UNITED STATES penitentiary or imprisonment in a State of UNITED STATES correctional facility.

The term "ILCS" = ILLINOIS COMPILED STATUTES.

The term "USC" = UNITED STATES CODE.

The term "UCSA" = UNITED STATES CODE ANNOTATED.

The term "P. A." = Public Act of the State of Illinois.

The term "Pub. L" = Public Law of the United States for the united States of America.

The term "CODE" = A code implies compilation of existing laws, systematic arrangement chapters, subheads, table of contents, and index, and revision to harmonize conflicts, supply omissions, and generally clarify and make complete body of laws designed to regulate completely subjects to which they relate.

The term "CODIFICATION" = process of collecting and arranging the laws of a County or State into a code. i.e., into a complete system of positive law, scientically ordered, and promulgated by legislative authority.

The term "STATUTE" = An act of the legislature declaring, commanding, or prohibiting something; a particular law enacted and established by the will of the legislative department of government; the written will of the legislature, solemnly expressed according to the forms necessary to constitute it the law of the State. This word is used to designate the written law in contradiction to the unwritten law.

The term "STATUTES AT LARGE" = Statutes printed in full added in the order of their enactment, in a collected form, as distinguished from any digest, revision, abridge- ment, or compilation of them. Thus the volumes of "United States Statutes at Large," or the Illinois Statutes at Large" contain all the acts of the Congress of the United States of America or the Congress of the State of Illinois in their order.

The term "INCLUDE" = To confine within, hold as in enclosure, take in, attain, shut up, contain, enclose, comprise, comprehend, embrace, involve.

The term "FRAUD" = An intentional perversion of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right.

Application for Habeas Corpus---Page 4 of 48

The term "PUBLIC OFFICER" = An officer of a public corporation; that is, one holding office under government of a municipality, State, or nation. One occupying an office created by law. One who exercises some portion of the sovereign power of the State, either in making, administering or executing the laws. One who acts under a sworn oath or affirmation and/or bond.

The term "SIGNATURE" = includes any symbol executed or adopted by a party with present intention of authenticating the validity of a writing.

The term "Bona-fide signature" = In contracts, any symbol executed or adopted by a party attested that party voluntarily entered into the agreement in good faith, that all terms, conditions and obligations were fully disclosed and that the party fully understood the consequences of the instrument.

The term "CONFLICT OF LAW" = When citizens of different States, republics or juris- dictions are parties to suit or other legal proceeding. A contrary or opposition in laws of states, counties or jurisdiction in cases where the rights of the parties, from their relations to each other or in the subject-matter in dispute, are liable to be affected by the laws of both jurisdictions. The effect of the laws of every State or republic effect and bind directly all property real or personal, situated within its jurisdictional territory, all persons resident within its own limits or jurisdiction and other public ministers while its own limits by virtue of its sovereignty. Ambassadors and other public ministers while within the jurisdiction of a foreign power are not subject to the jurisdiction of said laws.

## II.    STATUS OF APPLICANT

The Applicant is not a UNITED STATES CITIZEN, nor a RESIDENT OF THE UNITED STATES.

The Applicant is not a STATE CITIZEN of STATE OF ILLINOIS, nor a RESIDENT of STATE OF ILLINOIS.

The Applicant is not a subject of Great Britain.

The Applicant is an Inhabitant at Illinois republic.

The Applicant, Valdez-Lamont   Jordan is a natural born Citizen of the several united States of America, residing at Madison county, a political subdivision for/of the Republic/State of Illinois, currently unlawfully restrained inside LAWRENCE CORRECTIONAL CENTER at Lawrence county.

## III.    STATUS OF THE RESPONDENT

The Respondent, Deanna Brookhart is the Warden for LAWRENCE CORRECTIONAL CENTER, the prison facility where the Applicant is unlawfully held.

The Applicant does not know by virtue of what claim or authority Deanna Brookhart has custody of him, see (Exhibit A.), however, the Applicant states that whatever the claim or authority is it has been procured through fraud.

Application for Habeas Corpus---Page 5 of 48

## IV.     TYPE OF ACTION

Neither the United States, nor the Republic/State of Illinois is being invaded by a foreign power, nor has there been a formal declaration of insurrection. The Applicant asserts the right, protected by Article I § 9 of the Constitution of the united States of America, and applies to the United States District Court for the Southern District of Illinois for a writ of habeas corpus to be issued for the District Court to entertain pursuant to 28 U.S.C. § 2241 (a)(c)(3), and states that the Applicant is in custody in violation of the Constitution and laws of the United States.

This action is an original action as per Article 3 of the Constitution of the United States for the united States of America.

## V.     DEMAND FOR AN ARTICLE THREE JUDICIAL OFFICER

The Applicant herein demands that only the United States District Court for the Southern District of Illinois or an article three judicial officer hear the application. An article three officer is defined as follows:

a) Judges of both the supreme court and inferior courts, holding office during good behavior,

b) Judges of both the supreme court and inferior courts who receive compensation for their services which is not diminished during their continuance in office,

## VI.     PURPOSE OF THE WRIT OF HABEAS CORPUS

The purpose of the writ of habeas corpus is to obtain immediate relief from illegal confinement, or to deliver someone from unlawful custody. Considered the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action, the writ serves as a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny; where it is available it assures, among other things, that a prisoner may require his jailer to justify the detention under the law.

The primary, if not the only, object of the writ of habeas corpus as subjected are to to determine the legality of the restraint under which a person is held. The Applicant request that the United States District Court for the Southern District of Illinois take notice of the Constitution of the United States of the united States of America Amendment 14 § 1, to wit:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Application for Habeas Corpus---Page 6 of 48

The Applicant ask the United States District Court for the Southern District of Illinois, to take notice of the following description of the term LIBERTY, to wit:

The term "Liberty" means Freedom, exemption from extraneous control, the power of the will to follow the dictates of its unrestricted choice, and to direct the external acts of the individual, without restrain, coercion, or control from other parties. The term "Liberty" includes and comprehends all personal rights and there enjoyments. The term "Liberty" includes but is not limited to, freedom/right from duress, freedom/right from governmental interference in exercise of intellect, in information of opinions, in the expression of them, and action or inaction dictated by judgment, the freedom/right from servitude, freedom/right from imprisonment or restraint without lawful Constitutional due process of law, the freedom/right in the use of all of one's powers, faculties and property, freedom/right of contract, the freedom/right to travel, the freedom/right of religion, the freedom/right of speech, the freedom/right of self defense against unlawful violence, the freedom/right to acquire and enjoy property, the freedom/right to earn a livelihood in any lawful calling, the freedom/right to enjoy to the fullest extent the privileges and immunities given or assured by the law to the people living within the union of the united States of America, the freedom/right to petition the Federal Court for a writ of habeas corpus without unlawful interference by the State court, the freedom/right to have the Federal Court grant a petition for a writ of habeas corpus, etc...

As the court can see, the term "Liberty" includes, but is not limited to, physical incarceration. The issues of restraint of the Applicant's Liberty raised by this application for a writ of habeas corpus may include physical incarceration but is not limited to that single issue of liberty but shall include any and all inherent liberties of the Applicant that are currently being restrained by the Respondent.

The writ of habeas corpus is also a remedy to the Applicant for a collateral attack for a post conviction remedy. Proceedings under postconviction relief acts have been deemed to be similar to those in habeas corpus, and to be generally available on the same grounds as, and as a replacement for or implementation of, habeas corpus, or to bring forth facts which, had they been known at time of trial, would have prevented entry of judgment. As is the case with habeas corpus proceedings, the purpose of post-conviction proceedings is not to determine guilt or innocence, but to inquire into constitutional issues which have not been, and could not have been, previously adjudicated. [HABEAS CORPUS 39 Am Jur 2d § 10]. The Applicant request that the United States District Court for the Southern District of Illinois take notice of the POST-CONVICTION HEARING ACT P.A. 93-493, §5, eff. 1/1/2004; 93-605, §15 eff. 11/19/2003; [codified in 725 ILCS 5/122-1 et. seq.] to wit:

  "(a) Any person imprisoned in the penitentiary may institute a proceeding under this Article if the person asserts that:
    (1) in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or State of Illinois or both;"

Application for Habeas Corpus---Page 7 of 48

VII.    TO WHOM THE WRIT OF HABEAS CORPUS IS TO BE DIRECTED

The Applicant states that the issuance of a writ of habeas corpus directed to Deanna Brookhart, Respondent, the Respondent Deanna Brookhart's present whereabouts are LAWRENCE CORRECTIONAL CENTER 10940 LAWRENCE ROAD, Sumner, Illinois 62466.

The Applicant is presenting the UNITED STATES DISTRICT COURT of the Southern District of Illinois, pursuant to 28 U.S.C. § 2243, commanding the Respondent make a return certifying the true cause of the detention, and appear in court at particular time and place, and to produce at the hearing the body of the Applicant as the proper party who is restrained at LAWRENCE CORRECTIONAL CENTER. To then and there explain and produce proof of the authority, legality, and the cause and nature under which the Respondent is restraining the Applicant.

VIII.    STATEMENT OF FACTS SHOWING CIRCUMSTANCES EXIST THAT RENDER THE THIRD JUDICIAL CIRCUIT COURT'S POST-CONVICTION HEARING ACT PROCESS INEFFECTIVE TO PROTECT THE RIGHTS OF THE APPLICANT.

Pursuant to 28 U.S.C. § 2254(a)(b)(1)(B)(ii), as shown by the following facts, circumstances exist that render the Third Judicial Circuit court's Post-Conviction Hearing Act process ineffective to protect the Applicant's rights therefore, in the interest of justice, the Applicant request this Honorable Court to reopen his application for a writ of habeas corpus filed December 01, 2016 in light of newly developed facts which occured in the Third Judicial Circuit court involving a Complaint at law case number 19-L-1300 filed by the Applicant.

The Applicant states that the Defendants acts and admission, and the Third Judicial Circuit Court's findings and judgments rendered on November 20, 2020 and June 18, 2021 regarding the Complaint at Law case number 19-L-1300 effects the findings and decision rendered by the SDIL on May 23, 2017 denying the Applicant's petition for a writ of habeas corpus. To wit:

1. That, in September 2019 the Applicant filed a Complaint at Law in the Third Judicial Circuit court in Madison county, Illinois, case number 19-L-1300 Valdez Lamont Jordan vs. Rand S. Hale Estate/Personal Representative, David A. Hylla, Richard L. Tognarelli, and Neil T. Schroeder, et al. (Exhibit #1).

2. That, Rand S. Hale (deceased) was an ATTORNEY AT LAW appointed by the Third Judicial Circuit court as Special Defender to represent the Applicant's post-conviction petition case number 99-CF-2226 VALDEZ JORDAN vs. PEOPLE OF THE STATE OF ILLINOIS, was sued by the Applicant in his individual and official capacity for legal malpractice, fraud on the court, breach of fiduciary duty, and abuse of process for practicing law without a license while representing the Applicant during the May 22, 2017 evidentiary hearing which interferred with the Applicant's right to petition the Federal Court pursuant to the United States Constitution and Federal Law. (Exhibit #1).

Application for Habeas Corpus---Page 8 of 48

3. That, David A. Hylla was the THIRD JUDICIAL CIRCUIT Chief Judge was sued in his individual capacity for fraud on the court and abuse of process for firing Rand S. Hale as Special Defender on March 10, 2017 then knowingly allowing Hale to practice law without a license during the May 22, 2017 evidentiary hearing which interferred with the Applicant's right to petition the Federal Court pursuant to the United States Constitution and Federal Law. (Exhibit #1)

4. That, Richard L. Tognarelli is a THIRD JUDICIAL CIRCUIT Circuit Judge was sued in his individual capacity for fraud on the court and abuse of process for firing Rand S. Hale as Special Defender on March 10, 2017 then knowingly allowing Hale to practice law withou a license during the May 22, 2017 evidentiary hearing which interferred with the Applicant's right to petition the Federal Court pursuant to the United States Constitution and Federl Law. (Exhibit #1).

5. That, Neil T. Schroeder is a THIRD JUDICIAL CIRCUIT Associate Judge was sued in his individual capacity for fraud on the court and abuse of process for firing Rand S. Hale as Special Defender on March 10, 2017 then knowingly allowing Hale to practice law without a license during the May 22, 2017 evidentiary hearing which interferred with the Applicant's right to petition the Federal Court pursuant to the United States Constitution and Federal Law. (Exhibit #1).

6. That, on April 02, 2003 the Applicant filed a timely post-conviction petition in the Third Judicial Circuit court pursuant to Illinois Statutory Lay 725 ILCS 5/122 et. seq. the POST-CONVICTION HEARING ACT. (Exhibit #3 pg. 5).

7. That, on April 02, 2003 the Applicant filed with the post-conviction petition a pauper petition requesting the court to appoint counsel which was granted and Rand S. Hale Attorney At Law was appointed as Special Defender who entered appearance on the Applicant's case 99-CF-2226 on June 06, 2003. (Exhibit #3 pg. 5).

8. That, between September 2005 through January 2017 after filing the post-conviction petition in the Third Judicial Circuit court and the Judge ordering the Applicant to have all amendments to pleadings on file no later than sixty days from March 31, 2005, the Applicant had several evidentiary hearing dates scheduled by the court but had not had one actual evidentiary hearing. (Exhibit #3 pg. 7-27).

9. That, in December 2016 the Applicant filed a petition for a writ of habeas corpus to the United States District Court for the Southern District of Illinois pursuant to 28 USC § 2254(a)(b)(1)(B)(ii) requesting the federal Court to relax the exhaustion requirements based on inordinate and unjustifiable delay for the State court failing to start the Applicant's evidentiary hearing. (Judicial Notice requsted).

10. That, in January 2017 the Illinois Attorney General [IAG] entered appearance on behalf of the Respondent for the Petition of writ of habeas corpus filed by the Applicant case no. 16-cv-1297-DRH-CJP. (Judicial Notice requested).

11. That, on March 30, 2017 the IAG filed a motion to dismiss petition as unexhausted stating that the court should deny the petition because the matter is slated for a third stage hearing on May 22, 2017. (Exhibit #4 pg. 7).

12. That, on May 22, 2017 the Applicant appeared at the Third Judicial Circuit court in Judge Neil T Schroeder's courtroom. where the Applicant had an evidentiary hearing where three witnesses testified and the hearing was continued until July 2017. (Exhibit #5).

13. That, on May 23, 2017 the United States District Court for the Southern District of Illinois granted the Illinois Attorney General's motion to dismiss and denied the Applicant's application for writ of habeas corpus based on the actions taken by the State court on May 22, 2017. (Exhibit #6 pg. 1-9)

14. That, on or around May 29, 2017 the Applicant filed a complaint to the Illinois Supreme Court Attorney Registration and Disciplinary Commission against Rand S. Hale for his actions and misconduct at the evidentiary hearing held in the Third Judicial Circuit court on May 22, 2017, and for Hale's overall failure to provide the Applicant with a reasonable level of assistance on the post-conviction petition filed as case number 99-CF-2226 VALDEZ JORDAN/Petitioner vs. PEOPLE OF THE STATE OF ILLINOIS/Respondent. The ARDC responded to Applicant on June 19,2017. (Exhibit #7 pg. 1).

15. That, in July 2017 the Applicant did not appear at court for the evidentiary hearing to start back up. (Exhibit #5).

16. That, on July 19, 2017 a motion for continuance was filed by Attorney At Law Rand S. Hale requesting a continuance to locate witnesses for the evidentiary hearing.

17. That, on August 04, 2017 the Attorney Registration and Disciplinary Commission sent the Applicant a letter from Rand S. Hale dated July 28, 2017 which revealed:

(a) That Rand S. Hale failed to renew his license to practice law in Illinois for 2017;

(b) That on March 10, 2017 Rand S. Hale lost his position as a Special Defender in the Third Judicial Circuit court Madison County, Illinois; and

(c) That the Applicant's case 99-CF-2226 VALDEZ JORDAN vs. PEOPLE OF THE STATE OF ILLINOIS was the only case Rand S. Hale still actively represented as a Special Defender in the Third Judicial Circuit court in Madison County, Illinois after Hale lost his position as a Special Defender. (Exhibit #8 pg. 3).

Application for Habeas Corpus---Page 10 of 48

18. That, on September 13, 2017 the ARDC sent the **Applicant** a copy of a letter sent to the Third Judicial Circuit court Associate Judge Neil T. Schroeder stating "From reviewing the docket **in case 99CF2226, it** appears as though Mr. Hale is still counsel of record for Mr. Jordan. We wanted to inform you that Mr. Hale was removed from the roll of attorneys on March 10, 2017, for failing to register and pay the annual registration fee. Despite our repeated efforts to bring this matter to Mr. Hale's **attention as of today's date he is still not register-ed for 2017.** Supreme Court Rule 756(b) prohibits an attorney who is not registered from practicing law. (Exhibit #9).

19. That, on January 07, 2019 the ARDC sent the **Applicant** a letter stating "ARDC records also show that Mr. Hale's name was removed from the master roll of attorneys authorized to practice law in Illinois from March 10, 2017 until his voluntary transfer to retirement status because he was not registered with the ARDC during that time period. (Exhibit #10).

20. That, in January 2019 the **Applicant** filed a motion for discovery questions case number 19-MR-135 in the **Third Judicial Circuit** court pursuant to Illinois Supreme Court Rule 224 Discovery Before Suit to Identify Responsible Persons and Entities, seeking **to discover from the Defendants** or their clerks or staff:

    (a) **Who knew** that before May 22, 2017 Hale's name was **removed from the ARDC's master roll** of attorneys authorized to practice law in Illinois;

    (b) **Who knew** that before May 22, 2017 Hale was no longer employed as a special **defender** in the **Third Judicial Circuit** court in Madison county, Illinois;

    (c) Who was responsible for knowing that Hale's name was removed from the ARDC's master roll of attorneys authorized to practice law in Illinois on March 10, 2017;

    (d) Who had the responsibility to inform the Defendants that Hale's name was removed from the **ARDC's master roll of attorneys authorized to practice law** in Illinois on March 10, 2017;

    (e) **Who had the responsibilty for knowing that as of March 10, 2017 Hale was no longer** employed as a special defender in the Third Judicial Circuit court;

(f) Who had the responsibility to inform the Defendants that Hale was no longer employed as a special defender in the Third Judicial Circuit court as of March 10, 2017; and

(g) Who had the responsibility for reassigning Hale's cases that the court appointed him as special defender on once Hale was fired on March 10, 2017. (Exhibit #11).

21. That, on April 12, 2019 the Illinois Attorney General [IAG] in response to the petition case number 19-MR-135 filed a motion to strike and dismiss on behalf of the Defendants claiming in pertinent part:

(a) That the Applicant failed to comply with the special witness doctrine prior to seeking discovery from the defendants;

(b) That the Applicant seeks to obtain information regarding the Defendant's mental and decision making process; and

(c) That the Applicant has not filed a legally sufficient complaint. (Exhibit #12)

22. That, on May 29, 2019 the Applicant filed a reply petition case number 19-MR-135 pursuant to Illinois Supreme Court Rule 224 incorporating by reference the January 2019 discovery questions motion establishing:

(a) That the Applicant filed a legally sufficient petition pursuant to Illinois Supreme Court Rule 224;

(b) That the Applicant did not seek to obtain information regarding the Defendants' mental processes;

(c) That the Applicant only sought to determine who fired Hale on March 10, 2017;

(d) That the Applicant only sought to determine who was responsible for allowing Hale to practice law during the evidentiary hearing on May 22, 2017; and

(e) That the Applicant only sought to determine who was responsible for reassigning Hale cases after he was fired as special defender on March 10, 2017. (Exhibit #13).

23. That, on August 14, 2019 the Third Judicial Circuit court Judge Dugan entered an order on case number 19-MR-135 granting the Defendants' motion to strike and dismiss stating in pertinent part that:
"Plaintiff also attempts to make use of Supreme Court Rule 224 to secure information to his several questions. However, suits in discovery are for a very limited purpose, and that purpose is to secure the names of those who may be responsible for a recognized injury or damage. Rule 224(a)(1)(i) provides: "A person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for discovery."
(EMPHASIS ADDED)
Here, the Plaintiff seeks much more than identity. For example, he seeks names, titles, and duties of Judges, clerks and staff members. Nowhere does he seek the names of those who might be responsible in damages. In fact, his complaint does not reference an action seeking damages. Accordingly, the Plaintiff has attempted to improperly utilize Rule 224 and the Complaint should be dismissed."
(Exhibit #14).

24. That, because the Defendants failed to answer the discovery questions of who was responsible for firing Hale on March 10, 2017, who was responsible for allowing Hale to practice law without a license on May 22, 2017 which interferred with the Applicant's right to petition the Federal Court, and who was responsible for reassigning Hale's cases as court appointed special defender, the Applicant named the Defendants in the complaint at law suing them in their individual capacity. (Exhibit #1).

25. That, in the complaint at law case number 19-L-1300 the Applicant alleged:
    (a) That the Defendants committed fraud on the court by violating the Attorney License Act 705 ILCS 205 for knowingly allowing Hale to practice law without a license during the evidentiary hearing on May 22, 2017 after firing him on March 10, 2017, which was a violation of Defendant's Constitutional Oath pursuant to the United States Constitution, Article VI, Section 1, which deprived the Applicant of his right to due process of law pursuant to the United States Constitution, 14th Amendment, Due Process Clause.

    (b) That the Defendants committed fraud on the court by failing to reassign the Applicant's case pursuant to 735 ILCS 5/122-4 after firing Hale on March 10, 2017, which was a violation of Defendant's Constitutional Oath pursuant to the United States Constitution, Article VI, Section 1, which denied the Applicant his right to the equal protection of the laws pursuant to the United States Constitution, 14th Amendment, Equal Protection Clause.

    (c) That the Defendants committed abuse of process for using the post-conviction hearing process to have a sham hearing to interfer with the Applicant's right to petition the Federal Court pursuant to 28 USC 2254 (b)(1)(B)(ii), which was a violation of Defendant's Constitutional Oath pursuant to the United States Constitution, Article VI, Section 1, which deprived the Petitioner of his right to due process of law pursuant to the United States Constitution, 14th Amendment, Due Process Clause, and denied the Applicant his right to equal protection of the laws pursuant to the United States Constitution, 14th Amendment Equal Protection Clause.
    (Exhibit # 1 pg. 30-39)

26. That, on March 11, 2020 in response to the complaint at law case number 19-L-1300 the IAG filed a motion to dismiss Applicant's complaint at law on behalf of the Defendants arguing in pertinent part that the Applicant's complaint at law should be dismissed because the Defendants are entitled to judicial immunity. (Exhibit # 15).

27. That, on April 13, 2020 the Applicant filed a reply motion to strike appearance of the IAG as attorney for the Defendants and deny the motion to dismiss for case number 19-L-1300 based on the facts that the defendants were attempting to shield themselves behind judicial immunity for acts which judicial immunity does not protect against where:

   (a) The Defendants violated Illinois Statutory Law 705 ILCS 205 Attorney Act by knowingly allowing Hale to practice law without a license;

   (b) It was a non-judicial act to appoint Hale to the Applicant's case as special defender after firing him on March 10, 2017;

   (c) It was a non-judicial act to knowingly allow Hale to represent the Applicant at the evidentiary hearing on May 22, 2017 without a license;

   (d) The Applicant was prejudice by the Defendants' non-judicial act where it interferred with Applicant's right to petition the Federal Court and have his case heard according to law;

   (e) By failing to specifically deny the Applicant's allegations pursuant to Illinois law by acquiescence the Defendants accepted all the claims as true;

   (f) The IAG cited no Federal or State law or authority establishing the Defendants were entitled to judicial immunity for violating 705 ILCS 205;

   (g) The IAG cited no Federal or State law or authority establishing the Defendants were entitled to judicial immunity for interferring with the Applicant's right to petition the Federal Court;

   (h) The Defendants were sued in their individual capacity for non-judicial acts which subjected the Defendants to liability for damages pursuant to 705 ILCS 205 and therefore, the Defendants were not entitled to the IAG's legal representation because they were not sued in their official capacity. (Exhibit #16).

28. That, on November 20, 2020 a video writ was held for case 19-L-1300 in the Third Judicial Circuit court where the Applicant orally argued all the facts mentioned above in paragraphs 25 and 27. (Exhibit #17).

Application for Habeas Corpus---Page 14 of 48

29. That, on November 20, 2020 at the video hearing held for case number 19-L-1300 the IAG orally argued that the Defendants were entitled to judicial immunity just because the Defendants are judges.

30. That, at the hearing held November 20, 2020 the IAG also orally argued that the Defendants were entitled to the IAG's representation just because the Defendants are judges even though they were not being sued in their official capacity.

31. That, on November 20, 2020 after hearing oral arguments the Third Judicial Circuit court Judge Christopher Threlkeld issued an order on case number 19-L-1300 granting the Defendant's motion to dismiss stating in pertinent part:

"(1) That Defendants motion to dismiss is granted pursuant to 735 ILCS 5/2-619.;

(2) That, Plaintiff's "Complaint at Law" (filed September 1, 2019) fails pursuant to 735 ILCS 5/2-619, as Defendants are granted immunity from suit for their actions;

(3) Plaintiff sought to hold Defendants civilly liable for actions they took as judges presiding over Plaintiff's previous Post Conviction Petition, STATE OF ILLINOIS v. VALDEZ JORDAN, #99-CF-2226. Defendants acted within the jurisdiction of a judge and with the judicial capacity of a judge. See Stump vs. Sparkman, 435 U.S. 349, 356, 360 (1978); see also Generes v. Foreman, 277 Ill. App.3d 353, 355-57 (1st Dist. 1995).;

(4) Plaintiff's Motion to Strike Appearance of the Illinois Attorney General (filed on April 13, 2020) and Plaintiff's Motion to Appoint a Special Representative for Rand S. Hale (filed on September 21, 2020) are denied as moot." (Exhibit #18).

32. That, on December 18, 2020 the Applicant filed a motion for rehearing for case number 19-L-1300 stating in pertinent part:

(a) That, the court erred where its finding are not sound, reasonable and legal were the court ignores that the Defendants acts alleged in the complaint at law does not entitle the Defendants to judicial immunity because their acts does not meet the two part test of Stump v. Sparkman, 435 U.S. 349 (1978), and Generes v. Foreman, 277 Ill. App.3d 353 (1st Dist. 1995);

(b) That, the court erred by ignoring statutory law 705 ILCS 205. Attorney Act which grant the Plaintiff the right to file a complaint for actual damages against any person who violated the law; and

(c) That, the court erred by ignoring the Plaintiff unrebutted allegation of facts that the Defendants committed non-judicial acts by interferring with the Plaintiff's right to petition the Federal Court where the Defendants knowingly allowed Hale to practice law without a license at the evidentiary hearing after firing him. (Exhibit #19 pg. 1-8).

Application for Habeas Corpus---Page 15 of 48

33. That, on June 18, 2021 a video writ was held on case number 19-L-1300 in the Third Judicial Circuit court where the Applicant argued in pertinent part that it would be manifest error for the court to allow its findings and order to stand where the Defendants wer liable for damages pursuant to governing law 705 ILCS 205 which implied a private right of action for damages against those who violate the law, that the Defendants failed to show that it is a normal function performed by a judge to knowingly allow a person to practice law in its court without a license. (Exhibit #2).

34. That, on June 18, 2021 at the video hearing the IAG argued that statute 705 ILCS 205 only mention judges being arrested and that the Applicant presented no new facts entitling him to relief. (Exhibit #2).

35. That, after hearing arguments on June 18, 2021 the Third Judicial Circuit Judge Christopher Threlkeld denied the Applicant's motion for rehearing. (Exhibit #20).

36. That, by the Defendants claiming the defense of judicial immunity in response to the Applicant's Complaint at Law's allegations, the Judge granting the Defendants' motion to dismiss based on judicial immunity, that the Defendants have admitted the legal sufficiency of the allegations in the Applicant's complaint.

37. That, by admitting the legal sufficiency of the Applicant's complaint at law the Defendants have admitted that their actions interfered with the Applicant's right to petition the Federal Court by having a sham hearing on May 22, 2017.

38. That, because the Third Judicial Circuit court's May 22, 2017 evidentiary hearing was void, it makes the United States District Court for the Southern District of Illinois's decision rendered on May 23, 2017 based on a void action.

39. That, because the United States District Court for the Southern District of Illinois decision was based on void actions of the Third Judicial Circuit court, then the Applicant did not receive a fair decision.

40. That, the totality of the Third Judicial Circuit court's actions pertaining to the Applicant's post-conviction petition over the course of the past eight and a half years has rendered the Illinois Post-Conviction Hearing Act process ineffective to protect the Applicant's rights.

41. That, April 22, 2019 is the only date that the Applicant has had an actual legal evidentiary hearing since the post-conviction petition has been filed in April 2003.

42. That, in the summer of 2020 Illinois State Senator Rachelle Aud-Crowe while promoting her election champaign, visited the Applicant's wife Jamie Jordan's home in East Alton, Illinois. (Exhibit #21).

43. That, during the visit the Applicant's wife informed Senator Aud-Crowe that the Applicant is wrongfully convicted, his case has been pending in the Third Judicial Circuit court over seventeen years, and Applicant's wife wanted to know why it was taking so long to hear the Applicant's case. (Exhibit #21).

44. That, during the visit Senator Aud-Crowe informed the Applicant's wife that she would look into the matter. (Exhibit #20)

45. That, approximately two weeks later Senator Aud-Crowe's Office contacted the Applicant's wife informing her that the Third Judicial Circuit court state's that the Applicant's case had fallen through the cracks, that Applicant now had a court date scheduled for September 18, 2020. (Exhibit #20).

46. That, on September 18, 2020 the Applicant had a court appearance via video hearing where Judge Neil Schroeder told the Applicant that his case had gotten lost in the cracks, then a court date was set for the evidentiary hearing to begin on October 29, 2020. (Exhibit #22).

47. That, in September 2020 the Applicant wrote the then Chief Judge William Mudge of the Third Judicial Circuit court, and the then State's Attorney Tom Gibbons, requesting an investigation for injustice, fraud, and miscarriage of justice for which has taken place on case number 99-CF-2226, to come to an agreement on settling the case, and the Applicant asked Chief Judge Mudge to remove Judge Schroeder for cause from the case if the case could not be settled. (Exhibit #23 and Exhibit #24).

48. That, on September 29, 2020 the Applicant wrote Illinois State Senator Rachelle Aud-Crowe requesting an investigation into the Third Judicial Circuit court case number 99-CF-2226, explaining to Senator Aud-Crowe that the Applicant has been fraudulently and wrongfully convicted, that the case has been pending over seventeen years in the Third Judicial Circuit court, that the court interferred with the Applicant's right to petition the Federal Court, and that Judge Schroeder is still sitting on the case after committing fraud on the court for violating the Attorney Act 705 ILCS 205. (Exhibit #25).

49. That, on October 29, 2020 the Applicant did not have the scheduled evidentiary hearing, and was informed that it was due to Judge Schroeder being exposed to COVID-19 and having to be quarantined for two weeks. (Exhibit #26).

50. That, on February 01, 2021 the Applicant wrote Madison County State's Attorney Tom Haine requesting that he investigate the Applicant's case 99-CF-2226, that the case been pending close to eighteen years in the Third Judicial Circuit court, and to come to an agreement on settling the case. (Exhibit #27).

51. That, on October 20, 2019, September 14, 2020, May 20, 2021, and May 31, 2021 the Applicant wrote his appointed counsel Donna Polinske Attorney At Law, requesting that she negotiate a settlement on the case or get the evidentiary hearing going. (Exhibit #28, #29, #30 & #31).

52. That, also on May 20, 2021 and May 31, 2021 the Applicant wrote Donna Polinske requesting she ask Judge Schroeder to recuse himself for cause, or that she file a petition for substitution of judge Schroeder for cause. (Exhibit #30 & #31).

53. That, on August 06, 16, and 23, 2021 the Applicant spoke with staff member at Polinske and Associates Law Office inquiring if Donna Polinske planned to file the requested motion for substitution of Judge Schroeder and other motions, on each mentioned day the staff member informed the Applicant that she would forward the messages to Donna Polinshe. (Exhibit #32).

54. That, on September 01, 2021 the Applicant filed a complaint against Mrs. Polinske to the Illinois State Bar Association [I.S.B.A.] because she failed to provide the Applicant with a reasonable level of assistance for case number 99-CF-2226. (Exhibit #32).

55. That, on or around September 20, 2021 the Applicant spoke with Mrs. Polinske via phone, Mrs. Polinske informed the Applicant that a court date was sheduled for September 27, 2021, that a hearing will be had on her motion to withdraw from the Applicant's case, that she filed the motion because she felt that if the Applicant feels she is not doing her job then she feels she should withdraw from the case.

56. That, on September 27, 2021 the Applicant appeared at court where a hearing was held on Mrs. Polinske's motion to withdraw from case 99-CF-2226. (Exhibit #33).

57. That, at the September 27, 2021 hearing Mrs. Polinske informed the Judge she filed the motion to withdraw due to the complaint filed to the I.S.B.A. by Applicant.

58. That, on September 27, 2021 in response to Mrs. Polinske's statement to the Court, the Applicant informed Judge Schroeder that he is entitled to a reasonable level of assistance from counsel, that "the question that need to be answered and determined is; If you were responsible for firing Rand S. Hale on March 10, 2017?, and; If you knew or should have known that Rand S. hale was prohibited from practicing law in this court on May 22, 2017? That I do not waive this issue and the only way it can be addressed is if a petition for substitution of judge for cause is filed. That I requested Mrs. Polinske to file the petition, and that it is a reasonable request."

59. That, on September 27, 2021 Judge Schroeder denied Mrs. Polinske's request to withdraw stating in pertinent part that it is up to Mrs. Polinske to determine what motions to file for the Applicant's case.

60. That, on September 27, 2021 after Judge Schroeder denied Mrs. Polinske's motion to withdraw the Applicant requested that he be allowed to proceed in propria persona. (Exhibit #33).

61. That, on September 27, 2021 after finding the Applicant competent to proceed on his own, Mrs. Polinske was dismissed from the Applicant's case 99-CF-2226. (Exhibit #33).

62. That, on September 27, 2021 the Applicant filed a petition for substitution for Judge Schroeder for cause. (Exhibit #33).

63. That, on November 03, 2021 a hearing was held on the Applicant's petition for substitution of Judge Schroeder for cause and was denied. (Exhibit #34).

64. That, by failing to remove Judge Schroeder from the Applicant's case for cause after the court allowed an unlicensed attorney to practice law to interfer with the Applicant's right to petition the federal Court, the Third judicial Circuit court has inordinately and unjustifiably delayed the evidentiary hearing process for the past two and a half years denying the Applicant's right to due process and to effect a remedy.

65. That, by the Third Judicial Circuit interferring with the Applicant's right to petition the federal Court after filing a writ of habeas corpus the Applicant was denied due process of law, and denied the ability to effect a remedy in the SDIL.

IX.    HOW APPLICANT'S LIBERTY IS BEING RESTRAINED BY RESPONDENT
RIGHT OF ACTION

In support of this application, Applicant verily alleges that the Applicant is being restrained by Respondent by:

GROUND ONE: Deprived of the Right to Due Process of Law.

1. Depriving the Applicant's right protected by amendment 14 to the Constitution of the United States for the united States of America where State Officials deprived the Applicant of his liberty without due process of law. To wit:

A. The lead Assistant State's Attorney Keith Jensen [K. Jensen] committed perjury during the Applicant's trial and post-trial regarding the State's key witness Demond Spruill, [Spruill].

Supporting facts:

1. That, the Applicant's trial records show that at all times K. Jensen was the lead prosecuting attorney for the State on case number 99-CF-2226 PEOPLE OF THE STATE OF ILLINOIS vs. VALDEZ JORDAN.

2. That, at trial the Applicant's counsel filed motion in limine #15 to bar Spruill's trial testimony because the State violated the Applicant's fifth and sixth amendments rights by using Spruill as an State agent to speak with the Applicant, (Exhibit #35). That K. Jensen did not know if he was calling Spruill so the judge reserved motion in limine #15 through #18 to be heard if and before Spruill testified. (Exhibit #36).

3. That, at trial during the motion in limine proceeding which was held after Spruill's trial testimony K. Jensen told the trial judge, "There is absolutely no testimony, evidence or anything to insinuate that he was sent in or was an agent of the State at that time. he simply had a conversation with an additional person in the jail. Therefore, what he had to say is not a violation of the 5th Amendment." (Exhibit #37).

4. That, the Applicant's trial counsel filed a post-trial motion stating that the Court erred in denying the Applicant's Motion in Limine #15. (Exhibit #38).

5. That, during the post-trial hearing trial counsel argued that by allowing Spruill's testimony it violated the Applicant's right to counsel, his right to remain silent. Spruill was placed in the same area with Applicant, testified as to conversation he had with Applicant. (Exhibit #38 pg. 3).

6. That, during the post-trial hearing K. Jensen argued that "With regard to Demond Spruill...He was not placed in the cell, he happened to be in a location of the jail with the defendant and they spoke at that time." (Exhibit #38 pg. 5).

7. That, documents show that on October 25, 1999 at 12:00pm Assistant State's Attorney Susan Jensen signed a State's Attorney's Authorization for a petition and Order Approving the Use of an Eavesdropping Device that Alton Police Department [APD] Detective Scott Golike [Golike] made application for. (Exhibit #39).

8. That, based on information received from Madison County Sheriff Detective Bradley Wells that on October 25, 1999 at 12:45pm APD Detectives Golike and Jason Simmons [Simmons] interviewed a confidential informant Spruill who was in the same cell-block with the Applicant. (Exhibit #40 pg. 1).

9. That, during the October 25, 1999 interview with APD Spruill claimed to have had 10 to 12 conversations where the Applicant gave a detailed confession while in the cellblock. (Exhibit #40 pg. 1-6).

10. That, on October 26, 1999 APD Golike filed in the Third Judicial Circuit court a Petition for Order Authorizing Use of Eavesdropping Device case number 99-MR-566 to be used against the Applicant from October 26, 1999 through November 09, 1999 by APD detectives using Spruill to conduct the eavesdrop operation. (Exhibit #41 ).

11. That, on October 26, 1999 at 2:45pm Spruill signed as Consenting Party with APD Simmons as witness a Consent by Party to conversation to be subject to electronic surveillance by use of an eavesdropping device to be used from October 26, 1999 through November 09, 1999. (Exhibit #42).

12. That on October 26, 1999 at 2:30pm an order was signed by the Third Judicial Cir-cuit court judge granting authorization to use an eavesdropping device to APD from October 26, 1999 through November 09, 1999 to which Spruill, a consenting Party, and the Petitioner was the parties. (Exhibit #43).

13. That, on October 26, 1999 at 4pm recording were made by APD detectives and Spruill regarding the eavesdrop operation conducted against the Applicant. (Exhibit #44).

14. That, on October 27, 1999 at 10:30am recording were made by APD detectives and Spruill regarding the eavesdrop operation conducted against the Applicant. (Exhibit #45).

15. That, on October 29, 1999 at 11:05am recording were made by APD detectives and Spruill regarding the eavesdrop operation conducted against the Applicant. (Exhibit #46).

16. That, the information in the records and documents mentioned above in this Ground One 1. A. 1-15 proves the State deprived the Applicant of his liberty without due process of law by K. Jensen commiting perjury.

B. The Applicant's trial Judge Charles Romani (Judge Romani) committed fraud on the court during the trial and post-trial regarding the State's key witness Spruill.

Supporting facts:

1. That, pursuant to FRCP 10(c) the Applicant adopt by reference paragraphs A. 1-15 of Ground One mentioned above in this writ of habeas corpus by affidavit.

2. That, the Applicant's trial records show that at all times Judge Romani was the trial judge sitting on case number 99-CF-2226 PEOPLE OF THE STATE OF ILLINOIS v. VALDEZ JORDAN.

3. That, the records show during the Applicant's trial Judge Romani states "Okay, the first thing I am going to put on the record, show this is out of the presence of the jury, Motions in Limine, #15, #16, #17 and #18, which were discussed at the Bench before DeMond Spruill testified.

   #15 dealt with him testifying at all. Okay, just for the record, he had invoked his right, he had invoked his right to remain silent, and this was an attempt to circumvent by putting an informant to try to get him to talk, in violation of both the law and the case law. (Exhibit #37).

4. That, after Judge Romani put on record the statement mentioned above in paragraph 3 the prosecutor made its argument against the motion. (Exhibit 37).

5. That, Judge Romani then denied motion in limine #15. (Exhibit #37 pg. 2).

6. That, the records show during the Applicant's post-trial hearing after hearing from both the trial counsel and the prosecutor in regards to motion in limine #15 Judge Romani states "There was no evidence presented to show that Demond Spruill was an agent of the State. Therefore, that Motion in Limine was denied, because of that fact. There was no ground to deny Demond Spruill from testifying." (Exhibit #38 pg. 6).

7. That, court document show that on October 26, 1999 Judge Romani placed his signature on the APD Golike's Petition for Order Authorizing Use of Eavesdropping Device filed as case number 99-MR-566 that was conducted by the State and Spruill against the Applicant. (Exhibit #41 pg. 4).

8. That, court document show that on October 26, 1999 Judge Romani placed his signature on the court Order which granted the State and Spruill authorization to conduct the eavesdrop operation against the Applicant. (Exhibit #43).

9. That, the information in the records and documents mentioned above in this Ground One 1. B. 1-8 proves that Judge Romani knew before Spruill testified at the Applicant's trial that Spruill was a State agent, and Judge Romani committed fraud on the court which contributed to the State depriving the Applicant of his liberty without due process of law.

C. The lead Detective APD Jerry Cooley [Cooley] committed perjury by testifying false during the grand jury proceeding to procure the indictment against the Applicant.

Supporting facts:

1. That, the record from the Applicant's grand jury proceeding show that Assistant State's Attorney K. Jensen questioned Cooley and Cooley testified to the following false statements;

   Q. When Valdez Jordan surrendered himself to the Alton Police, did he have braids?

   A. I personally was not present, however other detectives were present when he turned himself in, and he did not have braids.

   Q. Is there a photograph of him at that time?

   A. Yes. There's a booking photograph that shows he did not have braids.

Application for Habeas Corpus---Page 21 of 48

And everyone that is friends or acquaintances of his says that he's always got braid. In every booking photograph that we have of him, he has braids with the exception of this particular photograph when he turned himself in. (Exhibit #47).

2. That, the Applicant has APD documents which state that the Applicant had braids when I was arrested by APD on the day which Cooley is referring to. (Exhibit #48).

3. That, the Applicant states I had braids when he was arrested by APD on the day which Cooley is referring to.

4. That, the Applicant states he had braids when photographed by APD on the day which Cooley is referring to.

5. That, there was no other detectives present who witness that the Applicant was arrested without braids on the day Cooley is referring to.

6. That, there was no other detectives present who witness that the Applicant was photographed by APD without braids on the day Cooley is referring to.

7. That, the booking photograph which Cooley is referring to was altered to make it appear as if the Applicant did not have braids.

8. That, two days after being arrested documents show Madison County jail photographed the Applicant with the same braids he had on the day he was arrested and photo-graphed by APD. (Exhibit #49).

9. That, the other booking photographs showing the Applicant with braids which Cooley referred to compared to the booking photograph which Cooley claimed the Applicant did not have braids show that the latter document was altered. (Exhibit #50 pg. 1-8).

10. That, the information in the records and document mentioned above in this Ground One 1.C. 1-9 proves the State deprived the Applicant of his liberty without due process of law, by Cooley testifying false which was material to finding probable cause.

D. Assistant State's Attorney K. Jensen, Judge Romani, and State committed subornation of perjury during the Applicant's trial by knowingly allowing Spruill to testify false and failing to correct the known false testimony.

Supporting facts:

1. That, the record from the Applicant's trial show that K. Jensen questioned and Spruill answered the following false testimony;

    Q. Now, had any one asked you to go talk to him?

    A. Nobody ask me to go talk to-- Anybody ask me to go talk to him?

    Q. Yes, at the time you were having these conversation?

    A. No.

    Q. You did that on your own?

    A. Right.
    (Exhibit #51 pg. 7)

Application for Habeas Corpus---Page 22 of 48

2. That, pursuant to FRCP 10(c) the Applicant adopt by reference paragraphs A. 1-15 and paragraphs B. 1-9 from Ground One of this writ of habeas corpus by affidavit.

3. That, the trial records show that the State, Judge Romani nor K. Jensen did not correct Spruill's false testimony that no one sent him in to talk to the Applicant.

4. That, the information mentioned in paragraphs A. 1-15, B. 1-9, and D. 1-3 from Ground One of this writ of habeas corpus by affidavit proves that Spruill's testimony during Applicant's trial was false that no one sent him in to talk to Applicant, that he did that on his own. The State, K. Jensen and Judge Romani knew or should have known Spruill's testimony was false, and the State failed to correct the false testimony.

5. That, the record from the Applicant's trial show Spruill testified that he had been sentenced to probation and electronic monitoring on case 99-CF-2246 PEOPLE OF THE STATE OF ILLINOIS vs. DEMOND SPRUILL. (Exhibit #51 pg. 8, 9, 11, 17 & 18).

6. That, court documents show that Spruill's case 99-CF-2246 was still pending when he testified at the Applicant's trial on May 18, 2000. (Exhibit #52).

7. That, court documents show that Spruill had not been sentenced on case 99-CF-2246 until December 15, 2003. (Exhibit #52 and Exhibit #53).

8. That, court documents show the State, Judge Romani knew or should have known Spruill was testifying false about being sentenced on case 99-CF-2246 where:

    (a) Judge Romani was the sitting judge on the record for Spruill's case 99-CF-2246; (Exhibit #52 and Exhibit #5),

    (b) Judge Romani was the sitting judge on the record on November 24, 1999 when Spruill pled guilty on case 99-CF-2246 and was awaiting sentence; (Exhibit #54 pg. 1-9).

    (c) Judge Romani was the sitting judge on record who sentenced Spruill on case 99-CF-2246 on December 15, 2003. (Exhibit #53).

9. That, court documents show the State, K. Jensen knew or should have known Spruill was testifying false about being sentenced on case 99-CF-2246 where:

    (a) K. Jensen is the Assistant State's Attorney on record for the November 24, 1999 proceedings when Spruill pled guilty on case 99-CF-2246 and was awaiting sentencing; (Exhibit #54 pg. 1 & 2),

    (b) K. Jensen is on record three months after the Applicant's trial at Jeffery Ewing's post-trial hearing stating Spruill is still awaiting sentence on case 99-CF-2246. (Exhibit #55 pg. 7).

10. That, the information mentioned in paragraphs D. 5-9 from Ground One of this writ of habeas corpus by affidavit proves that Spruill's testimony during the Applicant's trial was false about being sentenced on case 99-CF-2246 and the State, K. Jensen and Judge Romani knew or should have known Spruill's testimony was false and the State failed to correct the false testimony.

Application for Habeas Corpus---page 23 of 48

11. That, the record from the Applicant's trial show Spruill testified that his deal was that he was sentenced to probation and electronic monitoring on case 99-CF-2246 for testifying in other murder cases. (Exhibit #51 pg. 8).

12. That, trial records show that the other murder cases which Spruill was referring to during the Applicant's trial is Jeffery Ewing's trial case 96-CF-2295, and James Evans's trial case 98-CF-2131, that since he was not sentenced on case 99-CF-2246 until three years and seven months later, Spruill's testimony is clearly false.

13. That, the trial records show from Jeffery Ewing's trial case 96-CF-2295 that Spruill testified that he did not receive a deal for testifying in Ewing's trial and that he did not expect a deal for testifying in Ewing's trial. (Exhibit #56).

14. That, the trial record from Jeffery Ewing's post-trial hearing case 96-CF-2295 show that the State knew Spruill testified false about his deal for resolving case 99-CF-2246 was for testifying in other murder cases where, K. Jensen is on the record stating Spruill did not receive a deal for testifying at Ewing's trial, that Spruill was still awaiting sentence on case 99-CF-2246, and that Spruill received a sentence reduction on case 97-CF-2566 for cooperating in James Evans's case. (Exhibit #55 pg 6-8).

15. That, Spruill testified at the Applicant's trial on May 18, 2000, and Ewing's post-trial hearing on case 96-CF-2295 was held on August 28, 2000.

16. That, the information mentioned in paragraphs D. 11-15 from Ground One of this Writ of habeas corpus by affidavit proves that Spruill testified false about what his deal was, and the State knew or should have known Spruill's testimony was false, and the State failed to coorect the false testimony.

17. That, the record from the Applicant's trial show Spruill testified that he did not have any deal or receive anything to testify in the Applicant's case. (Exhibit #51 pg. 8).

18. That, court record show that Spruill was ordered by the Third Judicial Circuit court to be released from prison seven months before testifying at Applicant's trial under conditions and stipulation to cooperate fully and completely in all requested investigations by the state attorney office, and cooperate fully and completely in all grand jurys, preliminary hearings and trial matters. (Exhibit #57).

19. That, court documents show that the State requested Spruill to cooperate in the investigation against the Applicant case 99-CF-2226. (Exhibit #41, 42, & 43).

20. That, on November 24, 1999, six days after cooperating with the State in the investigation on case 99-CF-2226 Spruill was released from Madison County Jail with an agreement for future negotiations. (Exhibit #52 & 54). On January 03, 2000 Spruill had two Class X felonies dismissed per guilty plea on case 99-CF-2246. (Exhibit #58).

21. That, court documents show the State knew Spruill's testimony was false about not receiving a deal, where K. Jensen is the prosecutor on record who negotiated the deal, and Judge Romani was the sitting judge on record who binded himself to Spruill's negotiated deal on November 24, 1999 for case 99-CF-2246. (Exhibit #52 & 54). And Judge Romani signed and issued the order for Spruill's two Class X felonies to be dismissed. (Exhibit #58).

Application for Habeas Corpus---Page 24 of 48

22. That, the information mentioned in paragraphs D. 17-21 from Ground One of this writ of habeas corpus by affidavit proves Spruill's trial testimony was false about not receiving a deal for testifying at Applicant's trial, and the State knew or should known Spruill's testimony was false, and the State failed to correct the false testimony.

23. That, the information in the records and documents mentioned above in this Ground One paragraph D. 1-22 proves the State committed subornation of perjury by failing to correct Spruill's known false testimony, which contributed to the State depriving the Applicant's of his liberty without process of law.

E. The State failed to produce known material information pursuant to discovery request before the Applicant's trial.

1. That, court document show that before the Applicant's trial Public Defender John Rekowski filed a motion for discovery requesting the State to disclose and produce evidence relevant to the case or could in any way effect any evidence proposed to be introduced against the Applicant at trial. (Exhibit #59).

2. That, document show a court order from the Third Judicial Circuit court Madison County, Illinois, People vs. Demond Spruill case no. 97-CF-2566 Filed March 24, 1999 which states:

"The Court considers the Defendant cooperation in several pending investigations. The Court finds that the Defendant has been cooperative and is in jeoperdy if he is ordered to the dept of correction at this time. Based upon the facts presented to the court, the Defendant is ordered placed upon 4 years probation with the following conditions and stipulation. 1. The Defendant is ordered to remain on house electronic monitoring the remaining time he would have spent in custody. 2. The Defendant shall not violate any ordinace or law of the State of Illinois or any municipal ordinance. 3. The Defendant shall cooperate fully and completely in all requested investigations by the State Attorney Off. 4. The Defendant shall cooperate fully and completely in all grand jurys, Preliminary Hearings and Trial Matters." (Exhibit #57).

3. That, the State's Attorney Office nor the Third Judicial Circuit court provided trial counsel or the Applicant with the court order mentioned in paragraph E. 2. above.

4. That, in information in the records and document mentioned above in this Ground One paragraphs E. 1-3 proves the State committed perjury by failing to produce the known material document pursuant to the discovery request, which contributed to the State depriving the Applicant of his liberty without due process of law.

GROUND TWO: Denied the Right to Counsel.

2. Denying the Applicant's right protected by amendment 6 to the Constitution of the United States for the united States of America where State Officials denied the Petitioner the right to counsel. To wit:

Supporting facts:

1. That, pursuant to FRCP 10(c) the Applicant adopt by reference paragraphs 1. A. 7-15 from Ground One above in this writ of habeas corpus by affidavit.

2. That, the State's eavesdrop operation filed as case 99-MR-566 conducted against the Applicant was illegal where the Applicant was charged by the State with case 99-CF-2226, his right to counsel had attached and was invoked for said case. (Exhibit #60, and 61).

3. That, on October 03, 1999 after being arrested, booked, and charged by Alton Police for case 99-CF-2226 the Applicant on the advice of his attorney invoked his right to remain silent, and invoked his right to counsel. (Exhibit #60 and 61).

4. That, after being arrested booked, and charged by Alton Police for case 99-CF-2226 Officer Tony Bumpers read the Applicant his right, then gave the Applicant a Constitutional Right form which the Petitioner initialed, signed, and stated on the form that he refused to speak with Alton Police, that is witnessed by Attorney Patrick Conroy and signed by Officer Tony Bumpers. (Exhibit #60).

5. That, on October 04, 1999 Sgt. Anthony Ventimiglia met with Madison County Assistant State's Attorney Susan Jensen who authorized a Issuance of Criminal Information, and State's Attorney William Haine Charged the Applicant by Information with 3 count of first degree murder and 2 count of armed robbery case 99-CF-2226. (Exhibit #62).

6. That, at no point or time after being arrested and charged with case 99-CF-2226 has the Applicant relinquished his right to counsel or his right to remain silent.

7. That, at no point or time after being arrested and charged with case 99-CF-2226 has the Applicant consent to speaking with or being questioned by any State's Attorney, law enforcement, or their agent(s).

8. That, Alton Police and the State knew that the Applicant invoked his right to counsel on case 99-CF-2226 where document show that Capt. Rick McCain states in his report that after coming the the Alton Police Department the Applicant was accompanied by a subject who identified himself as Patrick Conroy, an attorney representing Applicant. Conroy advised that at this time Applicant did not wish to be interviewed by officers. (Exhibit #61).

9. That, the information in the records and documents mentioned above in this Ground Two 2. 1-8 proves the State denied the Applicant the right to counsel by conducting the illegal eavesdrop operation using Spruill as the State's agent then allowing Spruill's inadmissible trial testimony which contributed to the illegal conviction.

GROUND THREE: Denied the Right to Effective Assistance of Counsel for Defense.

3. Denying the Applicant's right protected by amendment 6 to the Constitution of the United States for the united States of America where trial counsel denied the Applicant of his right to have the assistance of counsel for his defense. To wit:

A. Trial counsel denied the Applicant the right to effective assistance of counsel by failing to file a motion to quash indictment based on Official misconduct by K. Jensen and APD Cooley presenting false testimony during the grand jury proceeding which cause the Grand Jury to return a True Bill indicting the Applicant.

Supporting facts:

1. That, pursuant to FRCP 10(c) the Applicant adopt by reference paragraphs 1. C. 1-10 from Ground One above in this writ of habeas corpus by affidavit.

2. That, court records show that trial counsel possessed motion in limines 8 through 13, and 25 filed in the court by counsel on May 16, 2000 therefore counsel possessed the November 04, 1999 grand jury transcripts. (Exhibit #63 pg. 1-7).

3. That, motion in limines 8 through 13 and 25 show that trial counsel was aware of the grand jury testimonies which was given by Michael Green, Tamala Hamilton, Tanya Osborne and Jerry Cooley on November 04, 1999. (Exhibit #63 pg. 1-7).

4. That, the altered booking photograph which Cooley referred to during his grand jury testimony on November 04, 1999 was turned over to trial counsel as discovery therefore, trial counsel possessed the altered booking photograph.

5. That, the court record show that the Applicant attempted to get copies of his discovery and that trial counsel refused to provided the Applicant with the copies of the discovery before trial. (Exhibit #64 pg. 2).

6. That, by trial counsel refusing to provide the Applicant with a copy of his discovery before trial then trial counsel assumed full responsibility and had a duty to review and investigate all material information which would have resolved the case in the Applicant's favor. (Exhibit #64 pg. 3).

7. That, trial counsel possessed the Alton Police report written by Detective Simmons that was provided with discovery which states that the Applicant had braids in the booking photograph taken on the day of the arrest that Cooley referred to during his grand jury testimony. (Exhibit #63 pg. 3).

8. That, had trial counsel filed a motion to quash the indictment based on Cooley's intentionally presenting false testimony and evidence to the grand jury which was material to the grand jury finding probable cause to indict the Applicant, then there is a reasonable probability that the indictment would have been quashed.

9. That, the information in the records and documents mentioned above in this Ground Three 3. A. 1-8 proves trial counsel denied the Petitioner the right to effective assistance of counsel for his defense, which contributed to the illegal conviction.

B. Trial counsel denied the Applicant the right to effective assistance of counsel by failing to file a motion to suppress statements created by Spruill and the State after the Applicant was arrested, charged, invoked his right to counsel, and invoked his right to remain silent.

Supporting facts:

1. That, pursuant to FRCP 10(c) the Applicant adopt by reference paragraphs 1. A. 7-15, 1. B. 2-8 from Ground One, and paragraphs 2. 1-4 from Ground Two of this writ of habeas corpus by affidavit.

2. That, the Applicant's trial records show that trial counsel was aware that the State violated the Applicant's right to counsel by conducting the illegal eavesdrop operation after being charged with case 99-CF-2226. (Exhibit #35 pg. 1 & 4, and Exhibit #38).

3. That, the Applicant's trial records show that trial counsel prepared and filed motion in limine #15, #16, #17, #18 and #40 which all dealt with Spruill providing incriminating information to APD reagarding case 99-CF-2226. (Exhibit #35 pg. 1-4).

4. That, each motion in limine mentioned above regarding Spruill shows with particularity that the evidence the State obtained was created during the illegal eavesdrop operation against the Applicant.

5. That, the motion in limine mentioned above regarding Spruill show that trial counsel possessed all the documents showing the State violated the Applicant's right to counsel.

6. That, trial counsel knew Spruill's evidence against the Applicant was illegal and trial counsel failed to file a motion to suppress the illegal evidence.

7. That, trial counsel knew Spruill's trial testimony was inadmissible and trial counsel failed to move the court for a mistrial.

8. That, by trial counsel failing to file a motion to suppress and/or move for a mistrial it prejudiced the Applicant where the jury heard evidence of an alleged confession by the Applicant which was the most damaging testimony presented at trial.

9. That, had trial counsel filed the motion to suppress Spruill's testimony and/or moved for a mistrial, filing the proper documents, and presenting the proper arguments showing the State violated the Applicant's right to counsel then the jury would not have heard testimony of an alleged confession, and there is a reasonable probabilty the jury verdict would have been different.

10. That, the information in the records and documents mentioned above in this Ground Three, 3. B. 1-9 proves trial counsel denied the Applicant the right to assistance of counsel for his defense, which contributed to the Applicant being convicted.

C. Trial counsel denied the Applicant the right to effective assistance of counsel by failing to file a motion in limine to exclude Tamala Hamilton's highly prejudicial testimony based on duress of imprisonment.

Supporting facts:

1. That, the trial record from the Applicant's trial show that Tamala Hamilton [Hamilton] testified that she was presently in custody. (Exhibit #65 pg. 1).

2. That, Hamilton testified that she was arrested the weekend prior to the Applicant's trial, and that she had a pending charge of obstruction of justice in relation to the Applicant's case. (Exhibit #65 pg. 2).

3. That, Hamilton testified that the Applicant borrowed her car on the morning of the crime and that he was suppose to bring the car back about 5:30, 6am so she could go to work. (Exhibit #65 pg. 3-5).

4. That, Hamilton testified that the Applicant did not bring her car back until 7:30 or 8:30am. (Exhibit #65 pg. 5).

5. That, Hamilton testified that she was angry because she could not go to work. (Exhibit #65 pg. 5-6).

6. That, Hamilton testified that when the Applicant came to her house the morning of the crime he said something about a shooting at the craphouse. (Exhibit #65 pg. 6).

7. That, Hamilton testified that on a different day the Applicant told her to say he came to her house between 4:30 and 6am when in fact he was not at her house. (Exhibit #65 pg. 6-7).

8. That, trial counsel failed to file a motion in limine to exclude Hamilton's trial testimony on the grounds that Hamilton's statements incriminating the Applicant were obtained under duress of imprisonment, were unreliable, were coercive, and were not made of her own free will in which the State's actions played no part because Hamilton was arrested by APD, held illegally at their jail when the incriminating statements were given. (Exhibit #66 and Exhibit #67).

9. That, trial counsel failed to file a motion in limine arguing that hamilton's statements incriminating the Applicant was made after she was arrested and held illegally in the APD jail which made her statements unreliable and highly prejudicial.

10. That, by trial counsel failing to file a motion in limine to exclude Hamilton's trial testimony it prejudiced the Applicant where the jury was left with the unreliable impression that the Applicant knew about the crime at 7:30 or 8:30am, and that he showed up late to Hamilton's house and she could not go to work. (Exhibit #65).

11. That, had trial counsel filed the motion in limine to exclude Hamilton's trial testimony and moved the court for a hearing, filing the proper documents and arguments showing the State obtained Hamilton's statements illegally then the jury would not have heard unreliable evidence that the Applicant knew about the crime shortly after it happened and there is a reasonable probability that the jury verdict would have been different.

12. That, the information in the records and documents mentioned above in this ground Three 3. C. 1-11 proves trial counsel denied the Applicant the right to effective assistance of counsel for his defense which contributed to the illegal convict.

D. Trial counsel denied the Applicant the right to effective assistance of counsel by failing to file a motion for continuance during trial to secure Monique Kimple as a witness, and investigate why Monique Kimple disappeared from outside the courtroom right before being called by the defense to testify.

Supporting facts:

1. That, the trial record show that the following occured at the Applicant's trial:

"The Court: Good morning ladies and gentleman. Okay, at this time, just to explain this to you, the State does have a couple more witnesses. But there is a witness for the defense who can't be here this afternoon. So the defendant is going to put this witness first, and then we are going back to the State. It doesn't normally work that way, but sometimes we have to take witnesses out of order, and that is what we are going to do at this time.

Mr. Stewart: Thank you Your Honor. The defense would call Monique Kimple.

(short pause in the proceedings)

Mr. Stewart: Your Honor, we will go ahead with the State, I don't know if she has left or if she went, or if she is out smoking. She was out there before the jury came in so go ahead with the State. If she shows up-.

The Court: Okay after the State's first witness, you can take another look, Mr. Jensen? (Exhibit #68 pg. 1-2).

2. That, Illinois Compiled Statute 725 ILCS 5/114-4 gives trial counsel grounds to seek a continuance during trial in the interest of justice. (Judicial Notice requested).

3. That, Monique Kimple was the only witness trial counsel called to testify on the Applicant's behalf.

4. That, it was anticipated that Monique Kimple would testify at the Applicant's trial that she was present at the scene when the crime happened, that she saw the maskman, that she knew the Applicant, and that she did not believe the Applicant and the maskman were the same person. (Exhibit #69).

5. That, trial counsel's failure to move the court for a continuance was not strategic where the trial record show that counsel did not know what happened to Monique Kimple. (Exhibit #68 pg. 1-2).

6. That, had trial counsel filed a continuance to investigate why Monique Kimple disappeared right before being called to testify, they would have discovered that someone from the State took Monique Kimple's statement at the courthouse. that she told them she was sure that the person who robbed the club was not the Applicant because the person's skin complexion was lighter than the Applicant, that they looked surprised, told her to sit down, held her in the room by herself for a while, came back and told her she could go home because her testimony would not be needed, that she looked confused but did not argue and left. (Exhibit #69).

Application for Habeas Corpus---Page 30 of 48

7. That, Ms. Kimple was a disinterested witness with no impeachment information in her background to question her credibility.

8. That, by trial counsel failing to move the court for a continuance to investigate what happened to Ms. Kimple it denied the Applicant the right to a fair trial, it denied the Applicant the right to move for a mistrial based on the State's interference with the right to call witnesses, and denied the Applicant the right to present evidence to the jury that a disinterest witness did not believe the maskman and the Applicant was the same person.

9. That, had trial counsel filed the motion for continuance and secured Ms. Kimple's presence then called her to testify to the information she would have provide then the jury may have chosen to believe Ms. Kimple's trial testimony over Heloise Mitchell and Ramando Alexander and there is a reasonable probability that the jury verdict would have been different.

E. Trial counsel denied the Applicant the right to effective assistance of counsel by failing to investigate and call Richard Bea an eye-witness who saw the maskman running from the crime scene at the same time and location Frank Holliday claims to have seen the Applicant running with a gun.

Supporting fact:

1. That, the trial records show that Frank Holliday testified that he saw the Applicant running up the street and get behind a pole and pointed a gun at him as he and Monte Gipson rode up Hampton Street after hearing gun shots at the crap house as they were getting out of the car. (Exhibit #70 pg.

2. That, on October 03, 1999 Richard Bea gave a statement to APD stating while at the Chess Club on the morning of the crime, he was shooting dice, he saw a guy walk in wearing a brown stocking like pantyhose over his head, he heard a shot and he ran for the door, that once outside he ran to his car, he heard another gun shot, he looked up and saw the victim stumble and fall to the ground, he saw the maskman run across the street toward him, the maskman was running up the side street, he pointed the gun at him, he was still wearing the mask. (Exhibit #71).

3. That, trial counsel was aware of Richard Bea's police statement because it was part of discovery provided to the defense before trial.

4. That, after being shown Richard Bea's police statement by trial counsel the Applicant pointed out difference between Bea's police statement and Holliday's police statement.

5. That trial counsel informed the Applicant that he would send their investigator out to speak with Richard Bea.

6. That the weekend prior to the Applicant's trial the Applicant was told by trial counsel that he did not send the investigator to speak with Richard Bea but that trial counsel himself would go out to speak with Richard bea.

7. That, prior to trial the Applicant's trial counsel did not go speak with Richard Bea.

8. That, Richard Bea was not called as a witness to testify at the Applicant's trial.

9. That had trial counsel investigated and then called Richard Bea to testify at the Applicant's trial to the information given in the police statement then the jury would have heard from a disinterest witness who saw the maskman run out of the building with the mask still on his face running up the side street then the jury may have chosen to believe that Frank Holliday did not see the Applicant running with a gun, or that the maskman and the Applicant were two different people and there is a reasonable probabilty that the jury verdict would have been different.

F. Trial counsel denied the Applicant the right to effective assistance of counsel by failing to investigate, prepare, and use useful impeachment evidence that was material to the credibility of State's witness Heloise Mitchell and Frank Holliday.

Supporting facts:

1. That, the Applicant's trial record show that the Applicant wanted a continuance from starting the trial because trial counsel had not prepared for trial or investigated any witnesses prior to trial. (Exhibit #64 pg. 1-2).

2. That, had trial counsel investigated State's witnesses Mitchell and Holliday they would have discovered that both witnesses were known crack cocaine abusers.

3. That, the Applicant knew each witness Mitchell and Holliday were crack cocaine users because the Applicant had sold crack cocaine to each of them in the recent past prior to being charged with the case.

4. That, when each Mitchell and Holliday was called by the State to testify the Applicant informed trial counsel that each witness was a crack cocaine user and that it was highly likely that each witness was smoking crack cocaine on the night that the crime happened.

5. That, trial counsel refused to question each witness Mitchell and Holliday about their crack cocaine use.

6. That, when the Applicant asked trial counsel why he did not question Holliday about his crack cocaine use trial counsel stated because he could not prove that he used crack cocaine.

7. That, by trial counsel not investigating and gathering the information that Mitchell and Holliday used crack cocaine and then used that information to impeach thier testimony the jury was prevented from hearing evidence that would have created suspicion of their credibility.

Application for Habeas Corpus---Page 32 of 48

8. That, had trial counsel investigated, gathered and used the impeachment evidence that Mitchell and Holliday used crack cocaine and may have been intoxicated from crack cocaine when the crime occured it would have completely discredited their trial testimony and there is a reasonable probabilty that the jury verdict would have been different.

9. That, the information in the records and documents mentioned above in this Ground Three 3. D. 1-9, E. 1-9, and F. 1-8 proves trial counsel denied the Applicant the right to assistance of counsel for his defense which contributed to the illegal conviction.

G. Trial counsel denied the Applicant the right to effective assistance of counsel by the totality of trial counsel's omissions and errors which undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

1. That, the Applicant's trial record show that trial counsel told the jury in opening argument that "the evidence is going to show them and they would hear from a bunch of felons and liars. That they need to keep in mind the credibility of those witnesses, to listen to their backgrounds, listen to the kind of people they are, and to make a decision based on that." (Exhibit #72 pg. 1-2).

2. That, pursuant to FRCP 10(c) the Applicant adopt by reference paragraphs 3. A. 1-9, 3. B. 1-10, 3 C. 1-12, 3. D. 1-9, 3. E. 1-9, and 3 . F. 1-9 from Ground Three of this writ of habeas corpus by affidavit.

3. That, trial counsel possessed the tools to eliminate each factor the State relied on to convict the Applicant, had trial counsel utilized their skills and knowledge to render the trial a reliable adversarial testing process then their is a reasonable probabilty that the jury verdict would have been different.

4. That, the records and documents mentioned in this Ground Three 3. A. through F. proves that the Applicant's trial counsel denied the Applicant effective assistance of counsel for his defense which contributed to the illegal conviction.

GROUND FOUR: <u>Denied the Right to have Compulsory Process for Obtaining Witnesses in His Favor.</u>

4. Denying the Applicant's right protected by amendment 6 to the Constitution of the United States for the united States of America where State Officials interferred with the Applicant's right to call witness in his favor. To wit:

Supporting facts:

1. That, pursuant to FRCP 10(c) the Applicant adopt by reference paragraphs D. 1 through 4 from Ground Three of this writ of habeas corpus by affidavit.

2. That, an affidavit of Monique Kimple dated 9-25-21 states and show the following:

   (a) that Kimple went to the Applicant's trial on the date told, she understood that she would be testifying;

   (b) that someone from the State took her statement;

   (c) that she told the State that she was present at the crime, she was sure that the person who robbed the club that night was not the Applicant;

(d) that the perosn from the State looked surprised and they told her to sit down, that she was alone in the room for a while;

(e) that someone then came into the room, they were from the State's Attorney Office;

(f) that the person from the State's Attorney Office told her that she could go home because her testimony would not be needed; and

(g) that she was confused but she did not argue with them, she left. (Exhibit #69 pg. 1-3).

3. That, the Applicant's trial record snow that Monique Kimple was at the courthouse during the trial then she suddenly disappeared right before being called by the defense to testify in the Applicant's favor. (Exhibit #68 pg. 1-2).

4. That, the information in the record and document mentioned in this Ground Four 4. 1-3 proves the State interferred with the Applicant's right to a fair trial by depriving the Applicant of the right to have compulsory process to obtain witnesses in his favor, which contributed to the State depriving the Applicant of his liberty without due process of law, which contributed to the illegal conviction.

## X.    CAUSE OF ACTION

### STATEMENT OF WHY THE RESPONDENT'S RESTRAINT OF THE APPLICANT IS ILLEGAL

### COUNT 1

1. The Third Judicial Circuit Court for/of Madison County pursuant to the duty and obligation imposed by the written oath of office to uphold the Constitution and Laws of the United States for the united States of America and for/of the Republic/State of Illinois, is required to prevent or correct any act or omission that would violate any right of a party protected by the Constitution and Laws of the United States for the united States of America.

2. The Respondent having a duty to safeguard the Constitutional rights of the Applicant has deprived the Applicant of his liberty without due process of law by committing Deprivation of rights under color of law, in violation of Federal Law Title 18 USC § 242 part 1. ch. 13, where the Defendants obstructed justice by conducting a sham hearing using an unlicensed attorney which interferred with the Applicant's right to petition the Federal Court and have his petition heard according to law.

3. In addition to a fourteen years delay the Respondet by interfering with the Applicant's right to petition the Federal Court has caused an addittional four and a half years delay which is inordinate, unjustifiable, and render the Post-Conviction Hearing Act process ineffective to protect the Applicant's rights. The Respondent stands inviolation of depriving the Applicant of his liberty without due process of law, protected by amendment 14 to the Constitution of the United States for the united States of America.

Application for Habeas Corpus---Page 34 of 48

4. The Applicant was denied the ability to effect a remedy in the Federal Court because the May 23, 2017 decision rendered by the SDIL is based on a void proceeding where the May 22, 2017 evidentiary hearing proceeding was nullified by the Third Judicial Circuit Court.

5. The Respondent acted with others to deprive the Applicant of the right of due process of law and equal protection of the laws protected by amendments 5 and 14 to the Constitution of the United States for the united States of America and a violation of Public Law 1861, ch. 33, 12 Stat. 284 [codified in Title 42 § 1985].

6. The Respondent was knowledgeable that the Applicant's right to due process of law and equal protection of the laws was being violated and having the power to prevent or correct the wrongful act, neglected or refused to prevent or correct said wrongful act in violation of Public Law 1871, ch. 22, § 6, 17 Stat. 15 [codified in Title 42 § 1986].

COUNT 2

1. The Respondent pursuant to the duty and obligation imposed by the written oath of office to uphold the Constitution and Laws of the United States for the united States of America and for/of the Republic/State of Illinois, is required to prevent or correct any act or omission that would violate any right of a party protected by the Constitution and Laws of the United States for the united States of America.

2. The Respondent has breached its duty to safeguard the Constitutional rights of the Applicant by depriving the Applicant of his liberty without due process of law by Detective Cooley committing perjury in violation of Federal Law Title 18 USC § 1621 part 1. ch. 79, and Deprivation of rights under color of law in violation of 18 USC § 242 part 1. ch. 13, where Detective Cooley presented known false testimony and an altered booking photograph to the grand jury which contributed to the Applicant being indicted.

3. The Respondent has breached its duty to safeguard the Constitutional rights of the Applicant by depriving the Applicant of his liberty without due process of law by Keith Jensen committing Subornation of perjury in violation of Federal Law Title 18 USC § 1622 part 1, ch. 79, and Deprivation of rights under color of law in violation of 18 USC § 242 part 1. ch. 13, where Keith Jensen was personally aware or should have known Cooley testified false and presented altered record to the grand jury and failed to correct the act which contributed to the Applicant being indicted.

4. The Respondent acted with others to deprive the Applicant of the right of due process of law and equal protection of the laws protected by amendments 5 and 14 to the Constitution of the United States for the united States of America and a violation of Public Law 1861, ch. 33, 12 Stat. 284 [codified in Title 42 § 1985].

Application for Habeas Corpus---Page 35 of 48

5. The Respondent was knowledgeable that the Applicant's right to due process of law and equal protection of the laws was being violated and having the power to prevent or correct the wrongful act, neglected or refused to prevent or correct said wrongful act in violation of Public Law 1871, ch. 22, § 6, 17 Stat. 15 [codified in Title 42 § 1986].

## COUNT 3

1. The Respondent pursuant to the duty and obligation imposed by the written oath of office to uphold the Constitution and Laws of the United States for the united States of America and for/of the Republic/State of Illinois, is required to prevent or correct any act or omission that would violate any right of a party protected by the Constitution and Laws of the United States for the united States of America.

2. The Respondent breached its duty to safeguard the Constitutional right of the Applicant by depriving the Applicant of his liberty without due process of law by committing perjury in violation of Federal Law Title 18 USC § 1621 part 1. ch. 79, and conspiracy against rights in violation of 18 USC § 241 part 1. ch. 13, and deprivation of right under color of law in violation of 18 USC § 242 part 1. ch. 13, where Keith Jensen made known false statements to the tribunal and the Applicant during trial and post-trial regarding the State's agent, which contributed to the Applicant being convicted.

3. The Respondent breached its duty to safeguard the Constitutional right of the Applicant by depriving the Applicant of his liberty without due process of law by committing statements or entries generally materially false, fictitous, or fraudulent inviolation of Federal Law Title 18 USC § 1001, part 1. ch. 47, conspiracy against rights in violation of 18 USC § 241 part. 1 ch. 13, and deprivation of right under color of law in violation of 18 USC § 242 part 1. ch. 13, where Judge Romani personally was aware of Spruill being an agent of the State, the right to counsel violation, and Spruill's testimony being inadmissible because, Judge Romani signed the APD Petition, and the court order for the illegal eavesdrop operation conducted against the Applicant, which contributed to the Applicant being convicted.

4. The Respondent breached its duty to safeguard the Constitutional right of the Applicant by depriving the Applicant of his liberty without due process of law by committing perjury in violation of Federal Law Title 18 USC § 1621 part 1. ch. 79, and deprivation of right under color of law, where the State's Attorney Office suppressed and failed to disclose the court order filed March 24, 1999 for Spruill's release from prison on the condition and stipulation to cooperate in all investigations, grand jurys, preliminary hearings, and trial matters requested by the State's Attorney Office, which contributed to the Applicant being convicted.

5. The Respondent breached its duty to safeguard the Constitutional right of the Applicant by depriving the Applicant of his liberty without due process of law by committing perjury  in violation of Federal Law Title 18 USC § 1621 part 1. ch. 79, and deprivation of right under color of law in violation of 18 USC § 242 part 1. ch.

13, where Judge Romani and Keith Jensen personally was aware, suppressed, and failed to disclose the November 24, 1999 negotiations and future negotiations between the State and Spruill on case number 99-CF-2246 PEOPLE OF THE STATE OF ILLINOIS vs. DEMOND SPRUILL, which contributed to the Applicant being convicted.

6. The Respondent breached its duty to safeguard the Constitutional right of the Applicant by depriving the Applicant of his liberty without due process of law by committing subornation of perjury in violation of Federal Law Title 18 USC § 1622 part 1. ch. 79, where Judge Romani and Keith Jensen knew or should have known Spruill's trial testimony was false that he was sentenced on case number 99-CF-2246, knew or should have known Spruill's trial testimony was false that no one sent him to talk to the Applicant, knew or should have known Spruill's trial testimony was false that he did not have a deal or receive anything to testify in the Applicant's case, knew or should have known Spruill's trial testimony was false that as a result of case number 99-CF-2246 was resolved he received electronic monitoring and probation as his deal for testifying in other murder cases, and Judge Romani and Keith Jensen failed to correct the known false testimony, which contributed to the Applicant being convicted.

7. The Respondent acted with others to deprive the Applicant of the right of due process of law and equal protection of the laws protected by amendments 5 and 14 to the Constitution of the United States for the united States of America and a violation of Public Law 1861, ch. 33, 12 Stat. 284, [codified in title 42 § 1986].

8. The Respondent was knowledgeable that the Applicant's right to due process of law and equal protection of the laws was being violated and having the power to prevent or correct the wrongful act, neglected or refused to prevent or correct said wrongful act in violation of Public Law 1871, ch. 22 § 6, 17 Stat. 15 [codified in title 42 § 1986].

## COUNT 4

1. The Respondent breached its duty to safeguard the Constitutional rights of the Applicant by depriving the Applicant of his liberty without due process of law and denied the Applicant the right to assistance of counsel for his defense by committing conspiracy against rights in violation of Federal Law Title 18 USC § 241 part 1. ch. 13, and deprivation of rights under color of law in violation of 18 USC 242 part. 1. ch. 13, where the State knowing the Applicant invoked his right to counsel and right to remain silent after being arrested and charged with case 99-CF-2226, violated the Applicant's rights by using Spruill to create a confession during an illegal eavesdrop operation, which contributed to the Applicant being convicted.

2. The Respondent knowing the Applicant did not relinquish his right to counsel and right to remain silent after being charged with case number 99-CF-2226, stands in violation of the Applicant's right to counsel protected by amendment 6 to the Constitution of the United States for the united States of America.

Application for Habeas Corpus---Page 37 of 48

3. The Respondent acted with others to deprive the Applicant of the right of due process of law protected by amendments 5 and 14 to the Constitution of the United States for the united States of America and a violation of Public Law 1861, ch. 33, 12 Stat. 284 [codified in title 42 § 1985].

4. The Respondent was knowledgeable that the Applicant's rights to due process of law and equal protection of the laws, and right to assistance of counsel was being violated and having the power to prevent or correct the wrongful act, neglected or refused to prevent or correct said wrongful act in violation of Public Law 1871, ch. 22 § 6, 17 Stat. 15 [codified in title 42 § 1986].

## COUNT 5

1. The Respondent breached its duty to safeguard the Constitutional right of the Applicant by depriving the Applicant of his liberty without due process of law, by denying the Applicant the right to have compulsory process for obtaining witnesses in his favor, by committing conspiracy against rights in violation of Federal Law Title 18 USC § 241 part 1. ch. 13, and deprivation of rights under color of law in violation of 18 USC § 242 part 1. ch. 13, where the State interferred with the Applicant's right to call Monique Kimple a witness subpoenaed to testify at the Applicant's trial, by holding Monique Kimple in a room preventing her testimony, which contributed to the Applicant being convicted.

2. The Respondent knowing the Applicant had the right to call Monique Kimple in his favor, stands in violation of the Applicant's right to have compulsory process for obtaining witnesses in his favor protected by amendment 6 to the Constitution of the United States for the united States of America.

3. The Respondent acted with others to deprive the Applicant of the right of due process of law protected by amendments 5 and 14 to the Constitution of the United States for the united States of America and a violation of Public Law 1861, ch. 33, 12 Stat. 284 [codified in title 42 § 1985].

4. The Respondent was knowledgeable that the Applicant's rights to due process of law and equal protection of the laws, and right to have compulsory process for obtaining witnesses in the Applicant's favor, was being violated and having the power to prevent or correct the wrongful act, neglected or refused to prevent or correct said wrongful act in violation of Public Law 1871, ch. 22 § 6, 17 Stat. 15 [codified in title 42 § 1986].

## COUNT 6

1. The Respondent acted with others to deprive the Applicant of the right of due process of law and equal protection of the laws, a violation of Public Law 1861, ch. 33, 12 Stat. 284 [codified in Title 42 § 1985].

Application for Habeas Corpus---Page 38 of 48

2. The Respondent was knowledgeable that the Applicant's right to due process of law and equal protection of the laws was being violated and having the power to prevent or correct the wrongful act, neglected or refused to prevent or correct said wrongful act in violation of Public Law 1871, ch. 22 § 6, 17 Stat. 15 [codified in Title 42 § 1986].

## XI.     ARGUMENT

The court acquires jurisdiction over controversies. Until a controversy is properly brought before a court, the court wants jurisdiction to grant relief sought by a party until a cause of action is properly brought before the court by a moving party.

The Applicant born in the united States has the inherent right not to be deprived of his liberty without due process of law by the State, nor be denied the equal protection of the laws by the State. This right is protected by amendment 14 to the Constitution of the United States for the united States of America.

The terms of amendment 14 applicable to the Third Judicial Circuit court Madison county, Illinois pursuant to the Constitution's Article VI-Supremacy Clause provides that: Due Process and Equal Protection--All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

From inception the Applicant asserted his right to remain silent and his right to counsel after the State arrested and charged him with case 99-CF-2226. At no point since the arrest has the Applicant relinquished or waived said rights and the State under contract through their sworn/affirmed oath of office was obligated to protect said rights.

Throughout the grand jury process, the trial process and the post-conviction hearing process the State has deprived the Applicant of his liberties without due process of law and has denied the Applicant the equal protection of the laws. The Applicant presented a prima facie case of said violations to the State in a post-conviction petition pursuant to law. After the post-conviction petition had been pending almost fourteen years in the Third Judicial Circuit court without being able to effect a remedy in December 2016 the Applicant exercised his right to apply for a writ of habeas corpus to the SDIL pursuant to 28 USC § 2254(b)(1)(B)(ii).

The Applicant has a right to petition the Federal Courts for habeas corpus and the right of the Federal Courts to grant a petition for habeas corpus are guaranteed by the Constitution. (see United States Constitution Article 1 § 9, cl. 2; 28 USCA § 2241-2254; 28 USCA § 1651; 39 Am. Jur. 2d § 4 citing Kelsey v. Fitzgerald, 574 F.2d 443 (8th Cir. 1978)).

In response to the Applicant's writ of habeas corpus the IAG filed a motion to dismiss the petition as unexhausted stating that "this court should deny the petition because an actual evidentiary hearing will begin on May 22, 2017." On said date an evidentiary hearing did start where the State court allowed Hale to represent the Applicant without a license, knowing the court took away Hale's position as Special Defender on March 10, 2017 the same day the ARDC removed Hale from their roll of attorneys authorized to practice law in Illinois. The next day May 23, 2017 the SDIL granted the IAG's motion to dismiss and denied the Applicant's petition based on the May 22, 2017 evidentiary hearing starting in the State court.

After the May 22, 2017 evidentiary hearing the Applicant filed a complaint against Hale to the Illinois ARDC. It was during this ARDC's investigation that it was discovered that Hale failed to renew his license, the ARDC removed Hale from their roll of attorneys authorized to practice law in Illinois, the Defendants fired Hale as a Special Defender, the Applicant's case was the only case Hale still represented, that Hale should not have been representing the Applicant on May 22, 2017, and that the May 22, 2017 evidentiary hearing was a sham hearing. It was only after the Applicant complained to the ARDC that Hale should not be representing the case without a license did the Defendants move to remove Hale from the case, reassigned new counsel, and voided the May 22, 2017 evidentiary hearing.

The Applicant then moved the Third Judicial Circuit court to discover who were the responsible persons for damages regarding Hale being allowed to practice law without a license on May 22, 2017, who fired Hale as Special Defender on March 10, 2017, and who was responsible for reassigning Hale cases appointed to him as Special Defender after March 10, 2017. The Defendants refused to answer the Applicant's petition and the Applicant thereafter filed a complaint at law case number 19-L-1300 against Hale and the Defendants.

The complaint at law specifically alleged that Defendants violated the Attorney Act by committing fraud on the court and abuse of process for knowingly allowing Hale to practice law without a license on May 22, 2017 which intentionally interferred with the Applicant's right to petition the federal Court and have his case heard according to law.

The Defendants' response to the complaint at law was a motion to dismiss claiming judicial immunity for their actions. The Third Judicial Circuit court granted Defendants motion to dismiss pursuant to Illinois Statutory Law 735 ILCS 5/2-619 and denied the Applicant's complaint ruling the Defendants are entitled to judicial immunity for their actions.

By Defendants claiming judicial immunity and the court granting the motion to dismiss finding that the Defendants are entitled to judicial immunity that by law the allegations in Applicant's complaint are taken as true and the Defendants have admitted the legal sufficiency of the allegations of interferring with the Applicant's right to petition the Federal Court and have his case heard according to law.(see Van Meter v. Darien Park District, 207 Ill. 2d 359, (2003); 735 ILCS 5/2-619 (West 2018). A motion for involuntary dismissal under § 2-619 admits the legal sufficiency of the plaintiff's claims.)

The Attorney Act 705 ILCS 205 which is Illinois Law provides that "No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State. [see 705 ILCS 205/1.].

The Attorney Act further states "No person, whose name is not on such roll, with the day and year when the same was written thereon, shall be suffered or admitted to practice as an attorney or counselor at law in any court within this State." [see 705 ILCS 205/6.].

By violating the Attorney Act the Defendants denied the Applicant the equal protection of the law and the Applicant suffered prejudice where when the State court started the May 22, 2017 evidentiary hearing the Applicant lost the right to have the Federal Court hear and determine if in fact the Third Judicial Circuit court was unjustifiably delaying his petition.

The SDIL rendered a decision and judgment denying the writ of habeas corpus based on a sham hearing. The sham hearing was voided and the SDIL decision and judgment rendered on May 23, 2017 is void. The State's court's action denied the Applicant the right to have his petition heard according to law, and the State court failed to protect the Applicant's rights.

The Applicant also suffered prejudice where almost five more years have past without justifying the delay. Although the Applicant has started a legal evidentiary hearing on April 22, 2019 that excluding the delay which the COVID-19 pandemic has created, since April 22, 2019 the Applicant's evidentiary hearing has been delayed without just cause. After an inquiry in August 2020 by Illinois State Senator Rachelle Aud-Crowe as to why the Applicant's case was pending so long on September 18, 2020 the Third Judicial Circuit court acknowledged and admitted that the Applicant's case got lost in the cracks.

The Applicant has provided the Third Judicial Circuit court with undisputed proof that his conviction is constitutionally unlawful. The Respondent knowing the conviction is constitutionally unlawful has unjustifiably delayed the post-conviction petition process and has failed to protect the Applicant's right not to be deprived of his liberty without due process of law and has denied the Applicant the equal protection of the laws. The Applicant has further suffered prejudice where he is unlawfully restrained and deprived of his liberty without due process of law because State Officials committed criminal acts under color of law, in violation of the Constitution and Federal Laws.

The Third Judicial Circuit court for/of Madison county, Illinois pursuant to the duty and obligation imposed by the written oath of office to uphold the Constitution and Laws of the United States for the united States of America and for/of the Republic/ State of Illinois, is required to prevent or correct any act or omission that would violate any right of a party protected by the Constitution and Laws of the United States for the united States of America. The Third Judicial Circuit court has refused to uphold their duty and obligation pertaining to the Applicant and based on the circumstances of this case, the Applicant ask that this Honorable Court exercise its jurisdictional power to protect the rights of the Applicant and issue the writ of habeas corpus pursuant to law.

The Applicant filed a timely petition in the State court pursuant to Federal and State laws with no procedural defaults preventing him from effecting a remedy. The undisputed material facts establish that in the proceedings which resulted in the conviction there was a substantial denial of the Applicant's rights under the Constitution of the United States.

If the purpose of the Illinois Post-Conviction Hearing Act is intended to be substitution for the Federal Writ of Habeas Corpus then the Applicant has been extremely prejudiced where the Act has failed in "providing for a speedy return and prompt trial and discharge of petitioner who is held, but not according to the law of the land." (see Ex Parte Watkins 28 U.S. 193, 7 L.Ed 650 (1830)). "Basic purpose of the writ of habeas corpus is to enable those unlawfully incarcerated to obtain their freedom." (see 28 U.S.C.A. § 2241-2255 Johnson v. Avery 393 U.S. 483, 89 S. Ct. 747 (1969)).

See and quoting Harris v. Nelson 394 U.S. 289, 290-291, 89 S. Ct. 1082, 1086 (1969), "The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless State action. Its pre-eminent role is recognized by the admonition in the Constitution that: "The Privilege of the Writ of Habeas Corpus shall not be suspended * * *." U.S. Const., Art. I. § 9, cl. 2. The scope and flexability of the writ——its capacity to reach all manner of illegal detention—— its ability to cut through barriers of form and procedural mazes—— have always been emphasized and jealously guarded by courts and lawmakers. The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected."

The Third Judicial Circuit court corrective process is inadequate as it applies to this case and exceptional circumstances exist where the violations of the Applicant's rights are clear, the Applicant has been illegally in custody over twenty-two years, his post-conviction petition has been pending in the Third Judicial Circuit court close to nineteen years, he is sentenced to thirty-five years, and has served almost two-third of an illegal sentence.

The Third Judicial Circuit court acts against the Applicant are unlawful and the conviction, incarceration, and post-trial proceedings in the Third Judicial Circuit are the result of a gross miscarriage of justice that requires the Federal Court's intervention. See and quoting Macomber v. Gladden, 304 F.2d 487 (9th Cir. 1962), "In exceptional circumstances justice may require a federal court to proceed without requiring the state prisoner to pursue a possible state remedy; this may be true where the violation of constitutional right is clear and the existence of a State remedy doubtful."

<u>GROSS MISCARRIAGE OF JUSTICE</u>

There is no evidence or unbias witnesses linking the Applicant to the crime which the State of Illinois has accused him of. The Applicant did not receive a fair trial pursuant to the Constitution and his conviction is illegal where the records undeniably show:

Demond Spruill the State agent's testimony was the most critical evidence used to convict the Applicant, and the trial judge committed fraud on the court regarding the State's agent, the prosecutor perjuried himself by making false statements to the tribunal and the Applicant regarding the State's agent, the trial judge and prosecutor committed subornation of perjury regarding the State's agent, the State committed fraud/ Statements or entries generally materially false, fictitious, or fraudulent regarding the State's agent, and the State committed conspiracy against rights by unlawfully restraining the Applicant's only witness called to testify in his favor. See and quoting Fay v. Noia 372 U.S. 391, at 411, 83 S. Ct. 822, at 834, 9 L. Ed 837, O.O. 2d 12, "We are not speaking of mere disorder, or mere irregularities in procedure, but of a case where the processes of justice are actually subverted. In such a case, the federal court has jurisdiction to issue the writ."

No solid evidence was presented to the grand jury that Applicant committed the crime, both Cooley and K. Jensen used their positions to deceive and manipulate the grand jury process. Knowing Spruill was in fact a State agent, and knowing Spruill's testimony was inadmissible because the Applicant's right to counsel was violated by the State's use of Spruill as an agent both Judge Romani and K. Jensen used their positions to deceive the Applicant and the jury. Knowing Spruill's trial testimony was false and failing to correct the false testimony both Judge Romani and K. Jensen used their positions to deceive the jury. By unlawfully restraining Monique Kimple and preventing her testimony the State used their position to manipulate the trial process.

Cooley's act of committing perjury during the grand jury process, K. Jensen's act of committing perjury during the trial process, Judge Romani's act of committing fraud on the court during the trial process, Judge Romani and K. Jensen's acts of committing subornation of perjury during the trial process, and the State's act of unlawfully restraining a witness to prevent her testimony for the defense, were not aimed to enforce State law, but were willfully committed to deprive the Applicant of his liberty without due process of law.

Each act committed by the Respondent were in reckless disregard of Constitutional prohibitions or guarantees. The Respondent acted under color of law to deprive the Applicant of his civil rights, and the Respondent's actions were criminal acts which violated Federal Laws Title Eighteen United States Code [Title 18 U.S.C., §§ 241, 242, 1001, 1621, 1622, 2383, 2384].

The duties of the Respondent to prosecute the Applicant requires the Respondent to prosecute with honesty, integrity, fair play, due process of law, and equal protection of the laws.

The duty and obligation imposed by the oath of office required of all officials including the Presiding Officers of the Third Judicial Circuit for/of Madison County, Illinois regarding the Respondent's prosecution of the Applicant, establishes a constructive trust with the Presiding Judicial Officer, the Respondent and the Respondent's principals, agents, successors and assigns as the trustees and the Applicant's liberties and rights as the beneficiary of that constructive trust.

Application for Habeas Corpus---Page 43 of 48

Under title as trustee to the constructive trust the Presiding Judicial Officer, the Respondent and appointed counsel for the Respondent, have a fiduciary duty to protect the rights of the beneficiary-Applicant with regard to the Respondent's prosecution of the Applicant.

The Third Judicial Circuit/State of Illinois in moving the prosecution forward against the Applicant depriving him of his liberty without due process of law, and denying the Applicant the equal protection of the laws is a breach of that fiduciary duty.

The Respondent is acting under malice and wanton disregard for rights of the Applicant in a known and willful violation of the Respondent's fiduciary duty. The Respondent is acting in concert with other parties to deny the Applicant of the Applicant's inalienable rights in violation of Public Law 1861, ch. 33, 12 Stat. 284 [codified in Title 42 USC § 1985].

The Respondent has knowledge of said violations under 1871, ch. 22 § 6, 17 Stat. 15 [codified in Title 42 USC § 1986], and the Respondent has failed to correct the Respondent's acts and actions as they relate to Applicant herein.

The Right of Action is breach of fiduciary duty by the Respondent, and the cause of action is the Respondent's failure to provide due process of law and equal protection of the laws by compelling the Respondent's prosecution upon the Applicant without the Applicant's correct consent and by the Respondent's failure to allow the Applicant to effect a remedy in its court.

The Applicant has not deliberately by passed or ignored the State court's corrective process in an effort to have his claims heard, corrected, and adjudicated. The Applicant has given the Third Judicial Circuit eighteen years to address and correct its violations and the Third Judicial Circuit refuses to deal with and rectify the Applicant's illegal restraint.

See and quoting Jenkins v. Gramley, 8 F.3d 505 (7th Cir. 1993), the Seventh Circuit United States Court of Appeals states: "State court...in state criminal prosecutions are the principal vindicators of both state and federal rights, and a complex of doctrines——including both forfeiture rules and the requirement that a prisoner exhaust all available state remedies——is designed to ensure that state courts retain that role. Problems that can be rectified in state court must be dealt with there. See Prihoda v. McCaughtry, 919 F.2d 1379 (7th Cir. 1990)."

By Respondent continuously delaying the evidentiary hearing without just cause the Applicant cannot effect a remedy. Because the Applicant cannot effect a remedy he cannot have his case adjudicated, and he cannot appeal to the State's Appellate, or Supreme courts, nor can the Applicant petition the United States Supreme Court for a writ of certiorari.

Therefore, based on the facts presented in this affidavit exceptional circumstances warrant the exercise of the SDIL's discretionary powers to issue the writ of habeas corpus. Adequate relief cannot be obtained in any other form or from any other court except the SDIL. Wherefore, in the interest of justice the writ should issue in this cause.

See and quoting Habeas Corpus Key 377, "Undue delay by State court might show that available state remedies have been exhausted, permitting federal court to proceed with review even while state appeal was pending"; and

"Remedy for due process violation caused by delay in adjudication of state postconviction petition is excusing the requirement of petitioners to exhaust state-court remedies before seeking federal habeas corpus relief." U.S.C.A. Const.Amend. 14. See Jackson v. Duckworth 112 F. 3d 878  (7th Cir. 1997).

Given the circumstances of this case failure to consider the merits of the Applicant's claims will result in a fundamental miscarriage of justice where;

The Respondent's conduct violates clearly established Constitutional rights, breaches the duty to prosecute the Applicant with honesty, integrity, fair play, due process of law, and the equal protection of the laws, and has caused and still causes the Applicant's restraint to be unlawful.

Furthermore, as the indictment for case number 99-CF-2226 was procured by fraud the Applicant was never a real party in interest,  a substituted party of record or a proper party to any pleading regarding the Respondent's prosecution of the Applicant, the Third Judicial Circuit court did not acquire jurisdiction over the Applicant, a violation of Federal Rules of Civil Procedure 12(b)(2) lack of jurisdiction over the parties.

The Respondent did not lawfully join the Applicant to the Respondent's prosecution, a violation of Federal Rules of Civil Procedure 12(b)(7) and 19.

The Respondent has never had proper jurisdiction over the Applicant or cause 99-CF-2226 PEOPLE OF THE STATE OF ILLINOIS  vs. VALDEZ JORDAN. Any ruling by any court where jurisdiction is clearly wanting is void and without force or effect. It is the duty of the court to prevent or correct any act or omission which would result in a violation of the Applicant's inherent right to Due Process of Law and Equal Protection of the Laws.

Also, the Applicant request that this Court take judicial notice of People vs. Jeramey Brown 294 Ill. Dec. 766, 831 N.E.2d 1113 (Ill.App. 5 Dist. 2005). The facts and law in People v. Jeramey Brown, Id. are similar to the Applicant's case and the Illinois Fifth District Appellate Court has already made a factual and legal determination regarding one of the Applicant's substantial claims entitling him to relief.

Application for Habeas Corpus---Page 45 of 48

The claims for which the Applicant is referring are established in section IX., Ground One 1. A. 1-15, pages 19-20 and B. 1-8, pages 20-21, and Ground Two. 2. 1-8 pages 25-26 of this affidavit. The Respondent cannot deny the undisputed material facts cited in said section and grounds pertaining to the amendment 6 right to counsel violation. The facts and records prove that in the proceedings which resulted in the Applicant's conviction there was a substantial denial of his rights under the Constitution of the United States.

The Applicant also request this Court take Judicial notice to the fact that People v. Jeramey Brown, Id., involves the same prosecutor (Keith Jensen), and the same State agent (Demond Spruill), and the same pattern and practice of denying the sixth amendment right to counsel as the Applicant's case, and the Third Judicial Circuit is bound by the Jeramey Brown decision.

The Jeramey Brown decision is based on clearly established Federal Law. See and quoting Fay v. Noia, 372 U.S. 391, at 447, 83 S. Ct. 822, at 853, 9 L. Ed 837, O.O2d 12, "Those few who are ultimately successful are persons whom society has grievously wronged and for whom belated liberations little enough compensation. Surely no fair minded person will contend that those who have been deprived of their liberty without due process of law ought nevertheless to languish in prison...; but surely no just and humane legal system can tolerate a result whereby a Caminito and a Bamino are at liberty because their confessions were found to have been coerced yet a Noia who's confession was also coerced, remains in jail for life."

The same principle apply to this case where surely no just and humane legal system can tolerate a result where Jeramey Brown's conviction has been reversed because the State violated his right to counsel protected by the Constitution's sixth amendment yet the Applicant whose right to counsel was violated in the same manner by the same actors remain convicted sixteen years after the Jeramey Brown decision.

The facts and evidence outlined in this writ of habeas corpus by affidavit contains distinct and unambiguous allegations with proof of such facts attached as exhibits. The Respondent cannot deny nor dispute any of the claims with competent evidence. See Whitten v. Tomlinson 160 U.S. 231, 16 S. Ct. 297, 40 L. Ed 406 (1895).

A writ of habeas corpus requires a return by the officer or other person having custody of the prisoner, and the State's informal response to a habeas petition may not substitute for the State's formal response.

While the habeas corpus is a writ of right, and will not issue as a matter of course, this writ of habeas corpus by affidavit states a prima facie case for relief which requires the issuance of the writ. See ExParte Watkins 28 U.S. 193, 7 L.Ed 650, (1830).

The State's judgment against the Applicant is a complete nullity and this Court's exercise of its discretionary powers to issue the writ in this case will not prejudice the State court nor interfer with the State court's administration of justice on any level.

Application for habeas Corpus---Page 46 of 48

Therefore, pursuant to 28 U.S.C. § 2243 an Order to Show Cause should be drawn and grant-ed, and the Respondent should be directed to make a return to an order to show cause, **which respond to the allegations of this document** with documentary evidence, affidavits, or other materials as will enable the court to determine which issues are clearly dis-puted. See Frank v. Mangum, 237 U.S. 309, 35 S. Ct. 582, 59 L. Ed. 969 (1915), "The one to whom a writ of habeas corpus is directed is ordinarily required by statute to certify to the court or judge before whom the writ is returnable the cause or authority for the petitioner's detention."

## XII.    STAY OF STATE COURT PROCEEDINGS

The Applicant request that this Honorable Court stay the Third Judicial Circuit court's proceedings pertaining to case number 99-CF-2226 Valdez Jordan vs. People of the State of Illinois while this cause is pending in the SDIL pursuant to 28 U.S.C. § 2251(a)(1).

This stay is requested for the SDIL to conduct a judicial inquiry to determine if the Third Judicial Circuit court interferred with the Applicant's right to petition the federal court by starting a sham hearing on May 22, 2017, and inquiry into the truth and substance of the cause of the Applicant's detention; "That the due process of law guaran-teed by the 14th Amendment has regard to substance of right, and not to matters of form or procedure; that it is open to the courts of the United States, upon an application for a writ of habeas corpus, to look beyond forms and inquire into the very substance of the matter, to the extent of deciding whether the prisoner has been deprived of his liberty without due process of law, and for this purpose to inquire into jurisdictional facts," see and quoting Frank v. Mangum, 237 U.S. 309 at 331, 35 S. Ct. 582 at 589, 59 L. Ed. 969 (1915).

## XIII.    CONCLUSION

### APPLICATION FOR A WRIT OF HABEAS CORPUS

In view of Respondent actual threatened enforcement of the Respondent's Prosecution under a Cause No. 99-CF-2226 filed in the Third Judicial Circuit of Madison County, Illinois, to restrain the Applicant without due process of law, and denying the Appli-cant the equal protection of the laws, and Applicant's contention that the Respondent has not disclosed to the Applicant by nature and cause, the legality or by what autho-rity the Respondent places the Applicant under the Restraint **of the Respondent** and that the enforcement of the Respondent's Prosecution and restraint of the Applicant is null and void as the Applicant is not a real party in interest in the Respondent's Prosecut-ion, and that there is an actual controversy within the jurisdiction of this court. A Writ of Habeas Corpus will adjudicate the rights of the parties.

Application for habeas Corpus---Page 47 of 48

Relief Requested

WHEREFORE, Applicant prays that:

A) The United States District Court for the Southern District of Illinois
immediately issue a writ of habeas corpus directed to Respondent, commanding
the Respondent to appear with the Applicant to produce documentary proof to
establish, jurisdiction and legality of Applicant's restraint, that the
Respondent disclose the Nature and Cause of the Respondent's Prosecution,
meaning the parties in interest, venue of the Third Judicial Circuit of
Madison County, jurisdiction of the Third Judicial Circuit of Madison County
and the Respondent's controversy, the Respondent's right of action and the
Respondent's cause of action meaning the injuried party, as it pertains to
the Applicant, filed in the Third Judicial Circuit Madison County under
Cause No. 99-CF-2226 by producing material facts which dispute all claims
attached to the writ of habeas corpus.

B) In the alternative, that the United States District Court for the Southern
District of Illinois issue an order for the release and discharge of the
Applicant from the restraint of the Respondent, and, that the United States
District Court for the Southern District of Illinois issue an order for the
release and discharge of the Applicant from the restraint of the Respondent's
Prosecution filed in the Third Judicial Circuit of Madison County under Cause
No. 99-CF-2226 and/or custody.

I, Valdez-Lamont: Jordan swear under penalty of perjury under the laws of the United
States for the united States of America and the State of Illinois, that the statements
set forth in this writ of habeas corpus by affidavit are true and correct to the best
of my knowledge and understanding, and the matters set out herein are true in sub-
stance and in fact, except as to those matters that are stated to be on information
and belief and as to those matters, I believe them to be true.

Dated: February / 5 ,2022

Valdez-Lamont    Jordan

JURAT

State of Illinois  )
                   ) SS.
County of Lawrence )

SUBSCRIBED AND SWORN TO BEFORE ME this /5 of February, 2022,, that a man who
identified himself as Valdez-Lamont  Jordan appeared before me a Notary Public, in
and for the State of Illinois, duly commissioned and sworn, attested to the truth
of this writ of habeas corpus by affidavit with his signature.
Executed February / 5 ,2022, at Sumner, Illinois

Seal:

02-15-2022

Notary Public, in and for said County and State
LAWRENCE CORRECTIONAL CENTER

OFFICIAL SEAL
BRANDON E YOCKEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 4/13/2025

Petition-Writ/
Authority.

PETITION-WRIT OF HABEAS CORPUS

Habeas Corpus Acts. The English Statute of 31 Car. II, C. 2, is the original and prominent habeas corpus act. It was amended and supplemented by St. 56 Geo. III, C. 100. Similar statutes have been enacted in all the United States. This act is regarded as the great constitutional guaranty of personal liberty.

*Constitution for the united States of America*

Article I [1791]

Section 9. [2] The privilege of the Writ of Habeas Corpus shall not be suspended, unless in Cases of Rebellion or Invasion the public Safety may require it.

Section 10. [1] No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin money, emit Bills of Credit; make any Thing but gold and silver Coin a tender in Payment of Debts; pass any Bill of Attainder; ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobilty.

Article III [1791]

Section 1. The judicial power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services a Compensation, which shall not be diminished during their continuance in Office.

Section 2. [1] The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, and Laws of the United States, and Treaties made, or which shall be made, under their Authority;-to all Cases affecting Ambassodors, other public Ministers and Consuls;-to all Cases of admiralty and maritime Jurisdiction;-to Controversies between two or more States;-between a State and Citizens of another State;-between Citizens of different States;-between Citizens of the same State claiming Lands under the Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects. See 11th. Amendment.
[2] In all Cases affecting Ambassadors, other public Ministers and Consuls and those in which a State shall be a Party, the supreme Court shall have original Jurisdiction. In all other Cases before mentioned, the supreme Court shall have appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulation as the Congress shall make.
[3] The trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within the State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

PETITION-WRIT/AUTHORITY 1

Section 3. [1] Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No Person shall be convicted of Treason unless on the Testimony of two Witnesses to the same overt Act, or on Confession in open Court.

[2] The Congress shall have the Power to declare the Punishment of Treason, but no Attainder of Treason shall work Corruption of Blood or Forfeiture except during the Life of the Person attained.

## Amendment V [1791]

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment on indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor shall private property be taken for public use, without just compensation.

## Amendment VI [1791]

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been comitted, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witness against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

## Amendment IX [1791]

The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

## Amendment XIII [1865]

Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

Section 2. Congress shall have power to enforce this article by appropriate legislation.

## Amendment XIV [1868]

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No. State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

PETITION-WRIT/AUTHORITY 2

[U.S.C. TITLES & §§]

See TITLE 4 Sec. 1 & 2.

SOURCE: (Pub. L. July 30, 1947, ch. 389, 61 Stat. 642;)

See TITLE 28 Sec. 1651

SOURCE: (June 25, 1948, c 646, 62 Stat. 944; May 24, 1949, c 139 § 90, 63 Stat. 102.)
    PL 117-47.

See TITLE 28 Sec. 1746(1).

SOURCE: (Pub. L. 94-550, § 1(a) October 18, 1976, 90 Stat. 2534;)

See TITLE 28 Sec.s. 2241 - 2254.

SOURCE: (June 25, 1948, c. 646, 62 Stat. 967; Pub. L. 89-711, § 2, Nov. 1966, 80
    Stat. 1105; Pub. L. 104-132, Title I, § 104, Apr. 24, 1996, 110 Stat. 1218.)

See TITLE 42 Sec. 1985

SOURCE: (Pub. L. 1871, ch. 22, §§ 2, 17 Stat. 13; 1871, ch. 22 §§ 6, 17 Stat. 15;
    1861, ch. 33, § 12 Stat. 284;)

[FEDERAL RULES of CIVIL PROCEDURE]

CR 4. Summons
(a) Contents; Amendments.
(b) Issuance.
(c) Service.
(d) Waiving Service.
(e) Serving an Individual Within a Judicial District of the United States.
(f) Serving an Individual ia a Foreign Country.
(g) Serving a Minor or an Incompetent Person.
(h) Serving a Corporation, Partnership, or Association.
(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
(j) Serving a Foriegn, State, or Local Government.
(k) Territorial Limits of Effective Service.
(l) Providing Service.
(m) Time Limit for Service.
(n) Asserting Jurisdiction over Property or Assets.

SOURCE: FRCP 4.


PETITION-WRIT/AUTHORITY 3

CR 4.1 Serving Other Process
(a) In General.
(b) Enforcing Orders: Committing for Civil Contempt.

SOURCE: FRCP 4.1

CR 5. Serving and Filing Pleadings and Other Papers
(a) Service: When Required.
(b) Service: How Made.
(c) Serving Numerous Defendants.
(d) Filing.

SOURCE: FRCP 5.

CR 10. Form of Pleadings
(a) Caption; Names of Parties Every pleading must have a caption with the court's name,
    a title, a file number, and a Rule 7(a) designation.
(b) Paragraphs; Separate Statements.
(c) Adoption by Reference; Exhibits.

SOURCE: FRCP 10.

CR 12. Defense and Objections——When and Hoe Presented—— By Pleading or Motion—— Motion
    for Judgment on the Pleadings
(a) When Presented.
(b) How Presented.
(c) Motion for Judgment on the Pleadings.
(d) Preliminary Hearings.
(e) Motion for More Definite Statement.
(f) Motion to Strike.
(g) Consolidation of Defenses in Motion.
(h) Waiver or Preservation of Certain Defenses.

SOURCE: FRCP 12.

CR 19. Joinder of Persons Needed for Just Adjudication
(a) Persons To Be Joined if Feasible.
(b) Determination by Court Whenever Joinder Not Feasible.
(c) Pleading Reasons for Nonjoinder.
(d) Exception of Class Actions.

SOURCE FRCP 19.

PETITION-WRIT/AUTHORITY 4

Petition Under 28 U.S.C.
§ 2254 for Writ of
Habess Corpus by a Person
in State Custody

# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

| | | |
|---|---|---|
| VALDEZ JORDAN | Prisoner No: | B29482 |
| _Petitioner_ | | |
| (the name under which you were convicted) | | |
| v. | Case Number: | 16-cv-1297-DRH-CJP |
| PEOPLE OF THE STATE OF ILLINOIS | | (To be supplied by Clerk's Office) |
| _Respondent_ | | |
| (authorized person having custody of Petitioner) | Place of Confinement: | LAWRENCE CORRECTIONAL CENTER |

## PETITION UNDER 28 U.S.C. § 2254
## FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging:
    THIRD JUDICIAL COURT; Madison county, Illinois

    (b)  Criminal docket or case number: 99-CF-2226

2.  (a)  Date of the judgment of conviction: May 18, 2000

    (b)  Date of sentencing: July 05, 2000

    (c)  Date of trial or plea: May 15-18, 2000

3.  Length of sentence: thirty-five years and thirty years current

4.  In this case, were you convicted on more than one count or of more than one crime? ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    First degree felony murder and Armed Robbery

6.    (a)    What was your plea?

☑   Not guilty          ☐   Nolo contendere (no contest)
☐   Guilty              ☐   Insanity plea

(b)    If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, to which counts did you plead guilty and to which did you plead not guilty?

(c)    If you went to trial, what kind of trial did you have?          ☑   Jury          ☐   Judge
                                                                        only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?          ☐   Yes          ☒   No

8.    Did you appeal from the judgment of conviction?          ☑   Yes          ☐   No

9.    If you did appeal, answer the following:

(a)    Name of court: APPELLATE COURT OF ILLINOIS, FIFTH JUDICIAL DISTRICT

(b)    Docket or case number: 5-00-0450

(c)    Result: Affirmed

(d)    Date of result: June 07, 2002

(e)    Citation to the case: N/A

(f)    Grounds raised: Whether Mr. Jordan was denied a fair trial by the prosecutor's introduction of a prior consistent statement to bolster his witness and by his improper closing argument, and since the evidence of guilt is not overwhelming, whether Mr. Jordan's conviction must be reversed and case remanded for a new trial?

(g)  Did you seek further review by a higher state court?  ☒ Yes  ☐ No

If YES, answer the following:

(1)  Name of court: SUPREME COURT OF ILLINOIS

(2)  Docket or case number: 05-00-0450

(3)  Result: Denied

(4)  Date of result: October 02, 2002

(5)  Citation to the case: N/A

(6)  Grounds raised: N/A

(h)  Did you file a petition for certiorari in the United States Supreme Court?
     ☐ Yes    ☒ No

If YES, answer the following:

(1)  Docket or case number:

(2)  Result:

(3)  Date of result:

(4)  Citation to the case:

10.  Other than the direct appeals listed above, have you previously filed any other post-conviction petitions, applications, or motions concerning this judgment of conviction in any state court?
     ☒ Yes    ☐ No

11.  If your answer to Question 10 was YES, give the following information:

(a)  (1)  Name of court: THIRD JUDICIAL COURT,

     (2)  Docket or case number: 99-CF-2226

     (3)  Date of filing: April 02, 2003

     (4)  Nature of the proceeding: POST-CONVICTION HEARING

(Rev. 4/2010)          -3-

(5)    Grounds raised: 1. 14th Amendment due process violation for prosecutorial
misconduct at grand jury proceedings.
2. 6th Amendment right to counsel violation for State's use of agent to
create confession after prosecution commenced.
3. 14th Amendement Due Process violation for State's failure to correcte
known false testimony of witnesses Demond spruill and Ramando Alexander
4. 6th Amendment Right to Effective Assistance of Counsel violation for
trial counsel's multiple errors and omissions.
5. 14th Amendment Due Process violation for appellate's counsel's multiple
errors and omissions.
(6)    6. 14th Amendment Due Process violation for totality of prosecutorial miscond
Did you receive a hearing where evidence was given on your petition, application, or
motion?
☒    Yes                ☐    No

(7)    Result: Hearing held May 22, 2017 voided; Rehearing held April 22, 2019
still on going due to inordinate and unjustifiable delay.
(8)    Date of result: N/A

(b)    If you filed any second petition, application, or motion, give the same information: N/A

(1)    Name of court:

(2)    Docket or case number:

(3)    Date of filing:

(4)    Nature of the proceeding:

(5)    Grounds raised:

(6)    Did you receive a hearing where evidence was given on your petition, application, or
motion?
☐    Yes            ☐    No

(7)    Result:                        N/A

(8)    Date of result:

(c)     If you filed any third petition, application, or motion, give the same information:

    (1)     Name of court:

    (2)     Docket or case number:

    (3)     Date of filing:

    (4)     Nature of the proceeding:

    (5)     Grounds raised:

    (6)     Did you receive a hearing where evidence was given on your petition, application, or motion?
        ☐ Yes        ☐ No

    (7)     Result:

    (8)     Date of result:       N/A

(d)     Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:   ☐ Yes     ☐ No

    Result:              N/A

    (2) Second petition:  ☐ Yes     ☐ No

    Result:              N/A

(3)  Third petition:    ☐    Yes                    ☐    No

Result:                                N/A

(e)    If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.   **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

I filed a proper and timely Post-Conviction Petition in the THIRD JUDICIAL CIRCUIT on April 02, 2003 pursuant to 725 ILCS 5/122-1 POST-CONVICTION HEARING ACT, along with Pauper petition requesting counsel to be appointed pursuant to 725 ILCS 5/122-4. This originally filed petition is still pending in the Third Judicial Court in Madison county, Illinois.

Therefore, the time for filing this application is tolled.

13.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. **State only the facts supporting each ground – do not argue or cite law.**

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground raised in the petition. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contained in 28 U.S.C. § 2244(d) provides in part that: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**GROUND ONE:** Petitioner repeats and incorporate by reference each and every allegation contained in section IX. Ground One 1. A through E pages 19 through 25 from the writ of habeas corpus by affidavit as if fully set forth here.

(a)  **Supporting facts:** Petitioner repeats and incorporates by reference each and every allegation contained in the Supporting facts in section IX. Ground One. A through E pages 19 through 25 from the writ of habeas corpus by affidavit as if fully set forth here.

(b)  If you **did not** exhaust your state remedies on Ground One, explain why:

I originally filed Ground One in a State court Post-Conviction Petition which is still pending in the Third Judicial Circuit. Circumstances exist that render the Third Judicial Circuit's post-conviction hearing process ineffective to protect my rights to due process of law and the equal protection of the laws.

(c)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
    ☐ Yes    ☐ No

(2)  If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    ☐ Yes        ☐ No

(2)  If your answer to Question (d)(1) is YES, state:

Type of motion or petition:  Post-Conviction Hearing Act 725 ILCS 5/122.

Name and location of the court where the motion or petition was filed: Third Judicial Circuit

Docket or case number:  99-CF-2226

Date of the court's decision:  Still Pending

(Rev. 4/2010)                           -8-

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4)   Did you appeal from the denial of your motion or petition? ☐ Yes   ☐ No

(5)   If your answer to Question (d)(4) is YES, did you raise this issue in the appeal?
        ☐ Yes          ☐ No

(6)   If your answer to Question (d)(4) is YES, state:

      Name and location of the court where the appeal was filed:

      Docket or case number:

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (d)(4) or Question (d)(5) is NO, explain why you did not
      raise this issue: Petitioner repeats and incorporate by reference each and
                          everyallegation contained in section VIII pages 8
                          through 18 from the writ of habeas corpus by affidavit
                          as if fully set forth here. And state that circumstances
                          exist that render the State court's post-conviction Hear-
                          ing Act process ineffective to protect my rights.

(e)   **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative
      remedies, etc.) that you have used to exhaust your state remedies on Ground One:

I filed a petition for writ of habeas corpus to this Court on December 01, 2016
asking this Court to relax the exhaustion requirement based on inordinate and
unjustifiable delay of the Third Judicial Circuit regarding the post-conviction
petition I filed in the State court. The Third Judicial Circuit started a sham
hearing on Mat 22, 2017 which caused this Court to denied my Petition for writ
of habeas corpus on May 23, 2017.

**GROUND TWO:** Petitioner repeats and incorporate by reference each and every allegation contained in section IX. Ground Two 2. pages 25 through 26 from the writ of habeas corpus by affidavit as if fully set forth here.

    **(a)**    **Supporting facts:** Petitioner repeats and incorporate by reference each and every allegation contained in the Supporting facts in section IX. Ground two pages 25 through 26 from the writ of habeas corpus by affidavit as if fully set forth here.

    **(b)**    If you **did not** exhaust your state remedies on Ground Two, explain why:

I originally filed Ground Two in a State court Post-Conviction Petition which is still pending in the Third Judicial Circuit. Circumstances exist that render the Third Judicial Circuit's post-conviction hearing process ineefective to protect my rights to due process of law and the equal protection of the laws.

    **(c)**    **Direct Appeal of Ground Two:**
        (1)    If you appealed from the judgment of conviction, did you raise this issue?
                ☐ Yes        ☐ No

        (2)    If you did not raise this issue in your direct appeal, explain why:

    **(d)**    **Post-Conviction Proceedings:**
        (1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
                ☑ Yes        ☐ No

        (2)    If your answer to Question (d)(1) is YES, state:

        Type of motion or petition: Post-Conviction Hearing Act 725 ILCS 5/122.

        Name and location of the court where the motion or petition was filed: Third Judicial Circuit

        Docket or case number: 99-CF-2226

        Date of the court's decision: Still Pending

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4)   Did you appeal from the denial of your motion or petition? ☐ Yes   ☐ No

(5)   If your answer to Question (d)(4) is YES, did you raise this issue in the appeal?
      ☐ Yes       ☐ No

(6)   If your answer to Question (d)(4) is YES, state:

      Name and location of the court where the appeal was filed:

      Docket or case number:

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (d)(4) or Question (d)(5) is NO, explain why you did not
      raise this issue: Petitioner repeats and incorporate by reference each and
      every allegation contained in section VIII page 8
      through 18 from the writ of habeas corpus by affidavit
      as if fully set forth here. And state that circumstances
      exist that render the State court's post-conviction Hear-
      ing Act process ineffective to protect my rights.

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
      remedies, etc.) that you have used to exhaust your state remedies on Ground Two.

Petitioner repeats and incorporate by reference each and every allegation
contained  Ground One (7)(e) page -9- of this petition as if fully set
forth here.

**GROUND THREE:** Petitioner repeats and incorporate by reference each and every allegation contained in section IX. Ground Three 3. A through G pages 26 through 33 from the writ of habeas corpus by affidavit as if fully set forth here

(a)     **Supporting facts:**

Petitioner repeats and incorporate by reference each and every allegation contained in the Supporting Facts in section IX. Ground Three A through G pages 26 through 33 from the Writ of habeas corpus by affidavit as if fully set forth here.

(b)     If you **did not** exhaust your state remedies on Ground Three, explain why:

I originally filed Ground Three in a State court Post-Conviction Petition which is still pending in the Third Judicial Circuit. Circumstances exist that render the Third Judicial Circuit's post-conviction hearing process ineffective to protect my rights to due process of law and the equal protection of the laws.

(c)     **Direct Appeal of Ground Three:**

    (1)     If you appealed from the judgment of conviction, did you raise this issue?
          ☐ Yes        ☐ No

    (2)     If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

    (1)     Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
          ☑ Yes        ☐ No

    (2)     If your answer to Question (d)(1) is YES, state:

Type of motion or petition: Post-Conviction Hearing Act 725 ILCS 5/122.

Name and location of the court where the motion or petition was filed: Third Judicial Circuit

Docket or case number: 99-CF-2226

Date of the court's decision: Still pending

(Rev. 4/2010)                                    -12-

Result (attach a copy of the court's opinion or order, if available):

(3)     Did you receive a hearing on your motion or petition?      ☒ Yes      ☒ No

(4)     Did you appeal from the denial of your motion or petition? ☐ Yes      ☒ No

(5)     If your answer to Question (d)(4) is YES, did you raise this issue in the appeal?
        ☐ Yes          ☐ No

(6)     If your answer to Question (d)(4) is YES, state:

        Name and location of the court where the appeal was filed:

        Docket or case number:

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

(7)     If your answer to Question (d)(4) or Question (d)(5) is NO, explain why you did not
        raise this issue: Petitioner repeats and incorporate by reference each and
                          every allegation contained in section VIII pgae 8
                          through 18 from the writ of habeas corpus by affidavit
                          as if fully set forth here. And state that circumstances
                          exist that render the State court's post-conviction hear-
                          ing Act process ineffective to protect my rights.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
        remedies, etc.) that you have used to exhaust your state remedies on Ground Three:
        Petitioner repeats and incorporate by reference each and every allegation
        contained in Ground One (7)(e) page -9- of this petition as if fully set
        forth here.

**GROUND FOUR:** Petitioner repeats and incorporate by reference each and every allegation contained in section IX. Ground Four 4. pages 33 through 34 from the writ of habeas corpus by affidavit as if fully set forth here.

(a) **Supporting facts:** Petitioner repeats and incorporate by reference each and every allegation contained in the Supporting Facts in section IX. Ground Four 4 pages 33 through 34 from the writ of habeas corpus by affidavit as if fully set forth here..

(b) If you **did not** exhaust your state remedies on Ground Four, explain why:

I recently received an affidavit from Monique Kimple in September 2021 which revealed the violation committed by the State.

This Ground was recently filed in the Third Judicial Circuit on January 18, 2022 in a Supplemental Pleading to the Amended Post-Conviction Petition on file.

The Presiding Judge Schroeder informed me that this claim will not be heard.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
☐ Yes          ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes          ☐ No

(2) If your answer to Question (d)(1) is YES, state:

Type of motion or petition: Post-Conviction Hearing Act 725 ILCS 5/122.

Name and location of the court where the motion or petition was filed: Third Judicial
                                                                        Circuit

Docket or case number: 99-CF-2226

Date of the court's decision: Still Pending

(Rev. 4/2010)                              -14-

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4)  Did you appeal from the denial of your motion or petition? ☐  Yes  ☒  No

(5)  If your answer to Question (d)(4) is YES, did you raise this issue in the appeal?
     ☐  Yes        ☐  No

(6)  If your answer to Question (d)(4) is YES, state:

     Name and location of the court where the appeal was filed:

     Docket or case number:

     Date of the court's decision:

     Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (d)(4) or Question (d)(5) is NO, explain why you did not
     raise this issue: Petitioner repeats and incorporate by reference each and
     every allegation contained in section VIII page 8
     through 13 from the writ of habeas corpus by affidavit
     as if fuly set forth here. And state that circumstances
     exist that render the State court's post-conviction hear-
     ing Act process ineffective to protect my rights.

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
     remedies, etc.) that you have used to exhaust your state remedies on Ground Four:
     Petitioner repeats and incorporate by reference each and every allegation
     contained in Ground One (7)(e) page -9- of this petition as if fully set
     forth here.

14.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐   Yes        ☒   No

If your answer is NO, state which grounds have not been so presented and give your reason(s) for not presenting them:   Every Ground raied in this petition has not been present to the highest state court having jurisdiction.

The reason the grounds raised have not been presented to the state's highest court is because my post-conviction petition is still pending in the state's Third judicial Circuit court. The petition has been pending on almost nineteen years now.

In December 2016 I filed a petition for writ for habeas corpus to the SDIL based on inordinate and unjustifiable delay of the State court. On May 22, 2017 the Third Judicial Circuit started a sham hearing by having a known unlicensed attorney represent me., which interferred with my right to petition the Federal Court. On May 23, 2017 this Court denied my petition.

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: I have present each ground to the Third Judicial Circuit court.

15.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐   Yes        ☐   No

If YES, state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.
Yes.
United States District Court for the Southern District of Illinois,
Case No. 16-cv-1297-DRH-CJP,
Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody,
I raised the same issues presented within this petition.
On May 23, 2017 the SDIL denied the petition--Attached Exhibit #6.

16.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for    the judgment you are challenging?    ☒   Yes        ☐   No

If YES, state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.
Yes.
Third Judicial Circuit court,
Case No. 99-CF-2226,
Post-Conviction Hearing Act 725 ILCS 5/122.
I raised the exact same issues presented in this petition and writ of habeas corpus by affidavit.

(Rev. 4/2010)                                    -16-

17.    Give the name and address of each attorney who represented you in the following stages of the judgment you are challenging:

   (a)    At preliminary hearing: N/A

   (b)    At arraignment and plea: Neil Hawkins, 157 N. Main St Edwardsville, IL 62025

   (c)    At trial: Neil Hawkins & Michael Stewart, 157 N. Main St. Edwardsville, IL. 62025

   (d)    At sentencing: Neil Hawkins & Micheal Stewart, 157 N. Main St. Edwardsville, IL. 62025

   (e)    On appeal: Rita Peterson, IL. Appellate Court 5th Dist. 14th & Main St. P.O. Box 867 Mount Vernon, IL. 62864-0018

   (f)    In any post-conviction proceeding: Rand S. Hale 11159 Liebrooke Ct. St. Louis, MO. 63146, and Donna Polinske 701 N. Main St. Edwardsville, IL. 62025

   (g)    On appeal from any ruling against you in a post-conviction proceeding:   N/A

18.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?                              ☐ Yes          ☑ No

   (a)    If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b)    Give the date the other sentence was imposed:

   (c)    Give the length of the other sentence:

   (d)    Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐ Yes          ☐ No

In light of the foregoing, Petitioner asks the Court to grant the following relief:

WHEREFORE, Petitioner prays that:

A) The United States District Court for the Southern District of Illinois immediately issue a writ of habeas corpus directed to Respondent, commanding the Respondent to appear with the Petitioner to produce documentary proof to establish, jurisdiction and legality of Petitioner's restraint, that the Respondent disclose the Nature and Cause of the Respondent's Prosecution, meaning the parties in interest, venue of the Third Judicial Circuit of Madison County, jurisdiction of the Third Judicial Circuit of Madison County and the Respondent's controversy, the Respondent's right of action and the Respondent's cause of action meaning the injuried party, as it pertains to the Applicant, filed in the Third Judicial Circuit Madison County under Cause No. 99-CF-2226 by producing material facts which dispute all claims attached to the writ of habeas corpus by affidavit.

B) In the alternative, that the United States District Court for the Southern District of Illinois issue an order for the release and discharge of the Petitioner from the restraint of the Respondent, and, that the United States District Court for the Southern District of Illinois issue an order for the release and discharge of the petitioner from the restraint of the Respondent's Prosecution filed in the Third Judicial Circuit of Madison County under Cause No. 99-CF-2226 and/or custody.

I, Valdez-Lamont: Jordan swear under penalty of perjury under the laws of the United States for the united States of America and the State of Illinois, that the statements set forth in this Petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody are true and correct to the best of my knowledge and understanding, and the matters set out herein are true in substance and in fact, except as to those matters that are stated to be on information and belief and as to those matters, I believe them to be true.

Dated: February 15 ,2022

Valdez-Lamont: Jordan
B29482 LAWRENCE CORRECTIONAL CENTER
10930 Lawrence Road
Sumner, Illinois

JURAT

State of Illinois   )
                    ) ss
County of Lawrence  )

SUBSCRIBED AND SWORN TO BEFORE ME this 15 of February, 2022, that a man who identified himself as Valdez-Lamont: Jordan appeared before me a Notary Public, in and for the State of Illinois, duly commissioned and sworn, attested to the truth of this Petition Under 28 U.S.C. § 2254 for Writ of habeas Corpus by a Person in State Custody with his signature.
Executed February 15 ,2022, at Sumner, Illinois

Seal:

02-15-2022
Notary Public, in and for said County and State
LAWRENCE CORRECTIONAL CENTER
10940 Lawrence Road, Sumner, Illinois

-19-

OFFICIAL SEAL
BRANDON E YOCKEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 4/13/2025