IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VALDEZ-LAMONT JORDAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-286-SMY |
| | ) |
| DEANNA BROOKHART (WARDEN), | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Valdez Jordan, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his conviction.

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. There appears to be an issue regarding Jordan's exhaustion of state remedies; he acknowledges that his post-conviction petition in state court is still pending, but alleges it has been pending since 2003 and the undue delay has made exhausting his post-conviction remedy impossible. When a prisoner faces an inordinate and unjustified delay in attempting to exhaust his state remedies, a district court may excuse a petitioner from the usual requirement that he pursue state avenues of review before seeking federal relief. *See Sceifers v. Trigg,* 46 F.3d 701, 703 (7th Cir. 1995); *Lane v. Richards,* 957 F.2d 363, 365 (7th Cir. 1992). Based on the limited record, however, the Court cannot determine whether there has been an inordinate delay. As such, the issue of exhaustion needs further briefing. Accordingly, the Petition survives preliminary review under Rule 4.

Also pending is Jordan's Motion to Amend/Correct (Doc. 4), in which he moves to correct the docket sheet which lists his name as "Jordan Valdez-Lamont" instead of Valdez-Lamont Jordan. The motion is **GRANTED**; the Clerk of Court is **DIRECTED** to correct the docket sheet to reflect Petitioner's name as Valdez-Lamont Jordan. Jordan's motion for the Court to take notice (Doc. 5) and motion for hearing (Doc. 6) are **DENIED**.

## Disposition

On or before September 3, 2022, Respondent Deanna Brookhart shall answer and show cause why the writ should not issue. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

Petitioner has a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his whereabouts during the pendency of this action. Notification shall be done in writing not later than **seven (7) days** after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed.R.Civ.P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 3, 2022

**STACI M. YANDLE**
**United States District Judge**