IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VALDEZ-LAMONT JORDAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-286-SMY |
| | ) |
| DEANNA BROOKHART, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Valdez-Lamont Jordan filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to contest his state court sentence (Doc. 1). This matter is now before the Court on Respondent's motion to dismiss for failure to exhaust available state-court remedies (Doc. 21). For the following reasons, the motion is **DENIED**.

## Background

Jordan was convicted of armed robbery and murder in 2000 following a jury trial in Madison County, Illinois and sentenced to concurrent prison terms of 30 and 35 years, respectively. *People v. Jordan*, No. 99 CF 2226 (Cir. Ct. Madison Cnty.) (Doc. 21-1, pp. 3-5). The Illinois Appellate Court affirmed his convictions and sentences, *People v. Jordan*, No. 5-00-0450 (Ill. App. Ct. Jun. 7, 2002) (Doc. 21-2), and the Illinois Supreme Court denied Jordan's subsequent Petition for Leave to Appeal on October 2, 2002. *See People v. Jordan*, No. 94344 (Ill. Oct. 2, 2002) (Doc. 21-3). Jordan did not file a Petition for Writ of Certiorari. *See* Doc. 1 at 59.

On April 2, 2003, Jordan filed a postconviction petition in state court alleging prosecutorial misconduct and ineffective assistance of counsel (Doc. 21-4).[1] He filed the habeas petition herein in February 2022 (Doc. 1), raising the same claims of prosecutorial misconduct and ineffective assistance of counsel that he is pursuing in his ongoing state postconviction proceedings.

## Discussion

A petitioner must exhaust his available state remedies before seeking habeas corpus review in federal court. 28 U.S.C. § 2254(b)(1). An exception allows a petitioner to bypass the state post-conviction process if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The first circumstance does not apply, as Illinois allows its prisoners to seek post-conviction relief under the Illinois Post-Conviction Hearing Act. *See People v. Hodges*, 912 N.E.2d 1204, 1208-1210 (Ill. 2009) (describing the Act's three-tiered review process).

State remedies may be deemed to be ineffective where there has been "inordinate, unjustifiable delay." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). For delay to excuse the exhaustion requirement, there must be a showing that it is attributable to the state. *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). Here, Jordan argues that the State of Illinois has unduly delayed his post-conviction proceedings to such a degree as to render the process ineffective to protect his rights.

There has clearly been an inordinate delay with respect to Jordan's postconviction proceedings; his postconviction petition was filed over twenty years ago. And while there is no bright line as to when a delay passes from reasonable to inordinate, courts have found far shorter

---

[1] The petition remains pending. The combined docket sheet for Jordan's criminal case and postconviction petition is attached to Doc. 21-1, pp. 7-51.

delays than Jordan's to be excessive. *See Sceifers*, 46 F.3d at 703 ("Since delays of seventeen months and three and one-half years ... [have been] considered inordinate, Sceifer's delay of eleven years would certainly qualify as inordinate too."). The only question is whether the delay is meaningfully attributable to the state. Two recent Seventh Circuit decisions, *Carter v. Buesgen*, 10 F.4th 715 (7th Cir. 2021) and *Evans v. Wills*, 66 F.4th 681 (7th Cir. 2023) are instructive to this analysis.

In *Carter*, petitioner filed his postconviction relief with the Wisconsin Circuit Court in July 2017. *Carter*, 10 F.4th at 718. The state public defender's office promptly assigned him counsel. *Id.* Thereafter, "stagnation soon followed." *Id.* Carter's counsel requested a total of seven extensions, which the state court granted "in rote fashion." *Id.* Carter filed a petition for writ of habeas corpus under § 2254 in federal court. While Carter's habeas petition was pending in federal court, the state court extended counsel's deadline five more times. *Id.* at 719. The district court dismissed Carter's petition for failure to exhaust. *Id.* The Seventh Circuit reversed finding that Carter's state court remedies were ineffective to protect his rights. In doing so, the court noted that Carter's experience revealed a "systemic deficiency" in the Wisconsin court's handling of his case and that "not once ha[d] the Wisconsin Court of Appeals – or any other Wisconsin court for that matter – recognized that Carter's case ha[d] been stalled for over four years. *Id*. at 719.

In *Evans*, petitioner filed his postconviction relief with the Illinois state court in March 2003 and a public defender was appointed in May 2003. The case languished in state court for sixteen years, and in 2019, Evans filed a petition for writ of habeas corpus in federal court. In March 2021, the district court dismissed Evans's petition for failure to exhaust, finding that the majority of the 19-year delay was caused primarily by Evans and his counsel. In reversing, the Seventh Circuit found that the extraordinary delay in resolving Evans's petition "stemmed in no

small part from the state's own conduct, both in its capacity as a respondent to the litigation and as the state trial court itself." The court noted that setbacks – continuances, cancelled hearings, attorney withdrawals, and lengthy periods of inactivity – all contributed to the decades-long wait, and that although Evans and his counsel caused many of the delays, the state and trial court itself also bore some responsibility:

> A broader perspective of the situation only reinforces our conclusion. At a high level, Evans experienced a breakdown in the state's postconviction process. We see things that way not just because twenty years have now passed with Evans's case still pending, but also because the state court docket shows a general lack of action or urgency by all involved. The prosecutors seem intent on allowing the case to linger indefinitely, and the state court, as best we can tell, seems to have done nothing to move things along despite recognizing the barriers to relief that Evans faced.

*Evans*, 66 F.4th at 685.

Jordan's postconviction saga is analogous to the circumstances in *Carter* and *Evans*. Jordan filed his petition in April 2003 and was promptly appointed counsel. Appointed counsel Rand Hale entered his appearance, and for the next seven years, not much was done to advance the postconviction relief. Instead, there were numerous continuances, delays in the state responding to discovery, and canceled hearings. A review of the state court docket sheet reveals that the delays have been attributable to all involved. There have been numerous continuances by agreement, by Jordan's appointed counsel Hale and later Donna Polinske, by the State, and by the State Court. *See* Doc. 21-1; *see also* https://www.clericusmagnus.com:8443/profoundui/start?pgm=EDOCS/WDI040CL&p1=%20MA&l1=3 (last visited on June 21, 2023).

In July 2010, Jordan moved for leave to proceed *pro se* and Hale was granted leave to withdraw as counsel. Jordan proceeded *pro se* from July 2010 until March 2014. During the almost four-year period Jordan was *pro se*, there were multiple hearings regarding his discovery

requests, Jordan amended his petition twice, the state moved to dismiss his petition, and additional delays and continuances occurred.

In March 2014, Hale was again appointed to represent Jordan. More continuances were granted by the state court. A stage three hearing was finally set for July 2015 but was continued by agreement. The hearing was later rescheduled to March 2016, but that was reset due to Hale's unavailability. In September 2016, Jordan moved for the appointment of a new attorney. The state court denied the request in November 2016. The stage three hearing was reset for January 2017 but was again continued by agreement. In February 2017, the hearing was set for May 2017. Due to additional continuances and the appointment of Polinske to represent Jordan, the stage three hearing did not commence until April 2019. That hearing was adjourned. Nothing further occurred until late 2020 when the case was again continued by agreement. The evidentiary hearing was set to resume in September 2021, but was continued again after Polinske moved to withdraw as counsel and Jordan moved to proceed *pro se*.

In April 2022, the state court heard additional evidence. The hearing was adjourned and continued and resumed on January 24, 2023. In March 2023, a hearing was held on Jordan's motion for leave to serve additional discovery. Another hearing took place on June 7, 2023, regarding discovery, and a status conference was set for August 21, 2023. As far as the Court can discern, the stage three proceedings have not concluded.

Respondent argues that much of the delay in the proceedings is attributable to Jordan who repeatedly amended his petition, requested or agreed to continuances, and vacillated between proceeding with the assistance of appointed counsel and proceeding *pro se*. But Jordan is not entirely to blame for the delays. The State agreed to numerous continuances and was unavailable for other hearings. The state court cancelled multiple hearings and there were general long periods

of inactivity. Additionally, some delays were attributable to the state's tardiness in responding to discovery. A stage three hearing was set in October 2016, did not commence until April 2019, and has yet to be completed. As was true in *Evans* and *Carter*, the state court docket shows a general lack of action or urgency by all involved. Under these circumstances, the Court finds that Illinois' postconviction remedies have proved ineffective for Jordan.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss is **DENIED**. Accordingly, Respondent shall respond to Jordan's Petition on or before July 31, 2023.

**IT IS SO ORDERED.**

**DATED: June 29, 2023**

**STACI M. YANDLE**
**United States District Judge**